COMMONWEALTH *vs.* JOHN C. BENNETT.
SAME *vs.* SAME.

A clause that nothing contained in a statute shall affect "any penalty or forfeiture already incurred under the provisions of any law in force prior to the passage of this act" saves from the operation of the statute any penalty incurred before it took effect, although after it was approved by the governor.

A complaint for keeping intoxicating liquor with intent to sell it in violation of the St. of 1869, *c.* 415, § 31, on a day between the date when the St. of 1870, *c.* 389, was approved by the governor and the date when it took effect, is within the saving clause of § 3 of this statute, although made after the last named date.

The provisions of the Gen. Sts. *c.* 87, concerning liquor nuisances, were not repealed by the St. of 1870, *c.* 389.

THE FIRST CASE was a complaint made to the municipal court of the city of Worcester on July 25, 1870, that on July 4, 1870, the defendant, at that city, "without any authority therefor, did keep intoxicating liquor with intent to sell the same" in this Commonwealth. He was adjudged guilty thereon, and appealed to the superior court, where the case was tried together with the second case, which was an

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, found and returned at August term 1870 of the superior court, of the same defendant for keeping and maintaining in the city of Worcester on April 1, 1870, and divers other days and times between that day and August 6, 1870, a tenement used for the illegal sale and illegal keeping of intoxicating liquors, &c.

Before the jury were empanelled, *Brigham*, C. J., overruled motions filed by the defendant to dismiss the complaint and indictment respectively "because the same is insufficient in law,

does not describe any offence, and is not in legal form." On the trial there was evidence tending to show a keeping and sale of intoxicating liquor by the defendant, in the tenement, on July 4, 1870 ; and the judge refused requests for rulings that a convicti on could not be had in either case "if the jury should not believe that the defendant was then keeping, with intent to sell, liquors other than ale, porter, strong beer and lager beer," and instructed the jury " that if the defendant then kept ale, porter, strong beer or lager beer, with intent to sell the same, he would be guilty of the offence charged." The jury returned verdicts of guilty, and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

MORTON, J. These two cases were argued together. The first is a complaint for keeping intoxicating liquor with intent to sell in violation of law ; the other is an indictment for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquor.

1. The court in substance ruled, that the defendant might be convicted on the complaint, upon proof that, on July 4, 1870, he kept ale with intent to sell it in violation of the St. of 1869, *c.* 415, §§ 31, 36. The question is, as to the correctness of this ruling.

The St. of 1870, *c.* 389, which repealed the provisions of the statute of 1869 under which this complaint was brought, was approved by the governor June 22, 1870, and went into effect July 22, 1870. The complaint was made after the act had gone into effect. The defendant contends that he could not be legally convicted, because there was, at the time of the complaint and of the trial, no law in force which would authorize the court to try or sentence him for the act complained of. And this would be so, unless the case falls within the saving clause of the repealing statute.

It is settled by numerous adjudications in this Commonwealth, that there can be no legal conviction of an offence, unless the act 's contrary to law at the time it is committed ; nor can there be a judgment, unless the law making the act unlawful is in force at the time of the indictment and judgment. *Commonwealth* v.

*Marshall*, 11 Pick. 350. *Commonwealth* v. *Kimball*, 21 Pick. 373. *Commonwealth* v. *Pattee*, 12 Cush. 501. *Commonwealth* v. *Edwards*, 4 Gray, 1. But the saving clause in a repealing statute prevents the operation of the repeal, and continues the repealed law in force as to all cases to which it applies. The question in this case, therefore, is whether the saving clause of the St. of 1870, *c.* 389, § 8, applies to it. We are of opinion that it does.

If the saving clause had included only penalties or forfeitures incurred prior to the passage of the act, it would not have applied to the defendant's case. *Johnson* v. *Fay*, 16 Gray, 144. But such is not the language of this statute; it is " any penalty or forfeiture already incurred under the provisions of any law in force prior to the passage of this act." A statute speaks from the time when it takes effect. A penalty " already incurred " is one incurred at any time before the statute takes effect. If the provision had been merely to save " all penalties already incurred," there would be no doubt as to its construction. The addition of the provision that the penalties must also be incurred under a law in force prior to the passage of the act, which perhaps is tautological, does not change the construction. We think the intention of the legislature was to provide that the act should not affect any penalty incurred before it took effect. When the statute became operative, the defendant was liable to a penalty already, that is, at that time incurred under the provisions of a law in force prior to the passage of the act, and might be prosecuted for it. His conviction, therefore, in the first case was legal.

2. There is another ground which is decisive of the second case. The St. of 1870, *c.* 389, did not repeal the eighty-seventh chapter of the General Statutes, under which the defendant was indicted. *Commonwealth* v. *Carpenter*, 100 Mass. 204. If there had been no saving clause in the later statute, it would not affect prosecutions commenced or penalties incurred under a statute not repealed by it. The reason why there can be no legal conviction under an act which is repealed is, not because the act committed by the defendant was not criminal, but because by the repeal the authority of the court to render judgment is taken away. The

reason does not apply to the case at bar. The act of which the defendant was convicted was contrary to law at the time it was committed, and the law was, at the time of the indictment and trial, and is still, in force. We are of opinion, therefore, that the presiding judge correctly ruled that the defendant might be convicted, if it was proved that on July 4, 1870, he kept and maintained a tenement used for the illegal keeping or sale of ale.

We think that no questions except those we have considered above are open under the bill of exceptions.

*Exceptions overruled.*