## WESTERN UNION TELEGRAPH COMPANY *v.* WILSON.

### ERROR TO THE CORPORATION COURT OF THE CITY OF RADFORD, STATE OF VIRGINIA.

No. 65. Argued January 11, 1909.—Decided March 1, 1909.

To give this court jurisdiction under § 709, Rev. Stat., not only must a right under the Constitution of the United States be specially set up, but it must appear that the right was denied in fact or that the judgment could not have been rendered without denying it.

Where the constitutional right was not set up in the original plea, and the record does not disclose the reasons of the state court for refusing to allow a new plea setting up the constitutional right, and the record shows that the refusal might have been sufficiently based on non-Federal grounds, this court cannot review the judgment under § 709, Rev. Stat.

In the absence of action on the part of Congress a State may regulate the conduct of local delivery of telegraph messages after the interstate transit by wire is completed.

Where it does not appear in the record that a telegraph message between two points in the same State had to be transmitted partly through another State, except by a plea which the state court refused, on non-Federal grounds, to allow to be filed, no Federal question is involved and this court cannot review the judgment under § 709, Rev. Stat.

The facts are stated in the opinion.

*Mr. Rush Taggart,* with whom *Mr. John F. Dillon, Mr. George H. Fearons* and *Mr. Francis Raymond Stark* were on the brief, for plaintiff in error.

*Mr. James R. Caton,* for defendant in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action against the Telegraph Company, in two counts. The first alleges a failure to transmit a message from Graham, Virginia, to East Radford, in the same State, as

promptly as practicable. The second alleges a failure to deliver the message as promptly as practicable after its arrival at East Radford. Both seek to recover $100, under statutes of the State imposing a forfeiture of that sum in such cases to the sender of the dispatch. The declaration was filed in April, 1906. In June the defendant filed a demurrer and general denial by leave of court. On February 25 of the next year, when the case was about to be tried, the Telegraph Company offered a special plea that its only proper and regular route for transmitting the message was by the way of Bluefield, West Virginia, to Washington, in the District of Columbia, and thence, by relaying, to East Radford; that it did promptly dispatch the message from Graham to Washington, but by mistake sent it from Washington to Cincinnati, causing a delay; that the transmission of the message was interstate commerce, and that therefore the statute of Virginia, act of January 18, 1904, c. 8, § 5, as applied to the part of the transmission outside the State, was void. Constitution of United States, Art. I, § 8, cl. 3. The conclusion of the plea was that the plaintiff could not "recover the penalty in his declaration demanded," and the defendant prayed judgment. The court refused to allow the plea to be filed, and the defendant excepted. A trial followed, at which the plaintiff got a judgment. The errors assigned are that the court refused to allow the defendant to file the above plea, and that it rendered judgment for the plaintiff instead of for the defendant.

This case comes here from a state court, and, of course, therefore it must appear that a Federal question necessarily was involved in the decision before this court can take jurisdiction or undertake to reverse the judgment of a tribunal over which it has no general power. It is not enough that a right under the Constitution of the United States was specially set up and claimed. It must be made manifest either that the right was denied in fact, or that the judgment could not have been rendered without denying it. *DeSaussure* v. *Gaillard*, 127 U. S. 216; *Johnson* v. *Risk*, 137 U. S. 300; *Leathe* v. *Thomas*, 207 U. S. 93, 99. See also *Bachtel* v. *Wilson*, 204 U. S. 36.

The reasons which led the court to refuse leave to file the plea in this case do not appear. But it is apparent on the face of the record that there are at least two grounds on which it is possible that leave may have been denied before the Federal question was reached. The original demurrer and answer seem to have been late, as they were filed by leave of court. This plea was not offered until more than nine months after the declaration, when the case was called for trial. The circumstances are not disclosed, and it may be that the court, in its discretion, considered that it was unjust for the plaintiff to be called upon to meet a new and serious issue at the last moment. Again, the plea, although it only referred to the section of the statute upon which the first count was based, went, in terms, to the whole declaration, and prayed judgment. It clearly was bad as to the second count. In the absence of any action on the part of Congress, at least, it would not be denied that a State could regulate the conduct of local messengers when the transit by wire was over. *Western Union Telegraph Co.* v. *James*, 162 U. S. 650. It cannot be said that the second count was abandoned, for nothing of the sort appears, and the plea was offered before trial, so that the evidence was not in. If the plea was not good for all that it attempted to cover, it was bad altogether. It may be that if we were dealing with the judgment of a lower court of the United States we should think that there were sufficient grounds for looking through the form to the substance of what the pleader seems to have had most in mind, but when we are considering the action of a state court we cannot say that the local tribunal did not yield to an argument that Saunders would have deemed conclusive and that Gould or Stephen would have regarded as an end of the case. 1 Wms. Saund. 28; Gould Pl., 4th ed., § 104.

The first assignment of error falls for the reasons that we have stated, and the second falls with it. The second is that the court erred in rendering judgment for the plaintiff. But the delay was proved and as the plea was not admitted there was nothing to show that the message went outside the State.

Moreover the judgment was upon both counts. It is impossible to go further, and to pass upon the delicate question of constitutional law that was argued here.

*Writ of error dismissed.*