WILLIAM M. VERMILYE *vs.* WESTERN UNION TELEGRAPH COMPANY.

Suffolk.    November 16, 17, 1910. — January 5, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Telegraph.    Corporation,* Rules of.    *Practice, Civil,* Exceptions·    *Constitutional Law,* Interstate commerce, Police power.

*Vermilye* v. *Postal Telegraph Cable Co.* 205 Mass. 598, affirmed.

In an action against a telegraph company under R. L. c. 122, §§ 9, 10, for wrongfully refusing to transmit for the plaintiff a telegram written upon a blank of the defendant to which the plaintiff had attached a small sticker containing a notice that the message was a business one and that a failure to deliver it promptly would cause the sender financial loss, the defendant relied on the following rule : " Messages to be on message forms.    Each message for transmission will be written upon the form provided by the company for that purpose, or will be attached to such form by the sender or by the person presenting the message as the sender's agent, so as to leave the printed heading in full view above the message."    It appeared that the plaintiff had no knowledge of the rule when he presented his message, that the rule was in a tariff book, which was open to the public in the defendant's office but which the defendant otherwise did nothing to call to the attention of the public.    Inspection of the traffic book

showed that the rule quoted above was a rule of the receiving department and was intended for the use and guidance of the company's agents and not for the public. The judge, who tried the case without a jury, found as facts, that the presence of the sticker on the telegram blank had no tendency to confuse the defendant's operator or to increase the probability of error or delay in transmitting the message, and that it did not obscure the printed heading above the message. The defendant contended that the rule forbade the sender of a message to put anything upon the face of the blank except the message, the date, and the name and address of the person to whom it was to be sent, and that the sticker and notice attached to the plaintiff's telegram were in violation of the rule. The defendant offered testimony that the defendant and its agents always had put this construction on the rule. The judge excluded the testimony and ruled that the construction put upon the rule by the defendant and its agents did not affect the rights of the plaintiff. He found as a fact that the rule was not intended for the public and ruled that it did not have the meaning which the defendant contended for, and that it was not a justification for the defendant's refusal to transmit the message. *Held,* that the findings of the judge were justified and that his rulings were correct; that the defendant's construction of the rule was immaterial, and that, even if the rule could have affected the plaintiff who had no knowledge of it, it merely required that messages should be written upon the forms provided for the purpose and did not forbid the writing or pasting of any other unobjectionable matter upon the same paper in such a way as not to mislead the defendant's agents or cause them inconvenience in the performance of their duties.

In an action against a telegraph company under R. L. c. 122, §§ 9, 10, for wrongfully refusing to transmit a telegram, the defendant at the trial did not ask for any ruling that the statute was unconstitutional as a regulation of interstate commerce and this question seemed not to have been brought to the attention of the judge or to that of the plaintiff's counsel, but the defendant asked the judge to rule that " the defendant cannot be held liable under R. L. c. 122, § 9, for refusal to receive and transmit the message in question under the circumstances under which it was presented." This ruling was refused by the judge and the defendant excepted, and this court, against the plaintiff's contention, treated the question of the constitutionality of the statute as open under this exception.

Although it is settled, that telegraph lines extending through different States for use in the ordinary way are instruments of commerce, and that messages passing over them from one State to another in the transaction of business are a part of interstate commerce that is entitled to the protection of the Constitution of the United States, yet it also is well settled, that a statute like R. L. c. 122, § 9, requiring a telegraph company to receive despatches upon payment of the usual charges according to the regulations of the company and to transmit them faithfully and impartially, so long as Congress has passed no law upon the subject, is not a regulation of interstate commerce within the meaning of the constitutional provision, but is a proper police regulation for the enforcement of the rules and policy of the common law, which affects interstate commerce only incidentally.

R. L. c. 122, § 9, is not unconstitutional as a regulation of interstate commerce.

TORT against a telegraph company for a refusal to accept from the plaintiff for transmission at the ordinary rates a mes-

sage to which he had attached a certain printed notice unless he would remove such notice from the message, the declaration containing three counts, the first at common law, the second under R. L. c. 122, § 9, for damages, and the third under §§ 9, 10, of that chapter to recover the penalty or forfeiture provided for by § 10.    Writ dated May 8, 1908.

In the Superior Court the case was tried before *Schofield, J.*, without a jury.   The judge found for the plaintiff on all three counts, requiring the plaintiff to elect between counts one and two, on each of which nominal damages in the sum of $1 were awarded.   On count three the judge ordered that the defendant should forfeit to the plaintiff the sum of $50.   The defendant alleged exceptions, raising the two questions not previously disposed of which are stated in the opinion.

The notice, mentioned in the opinion, which was printed on a small sticker attached by the plaintiff to the blank form of the defendant on which the plaintiff's message was written, was as follows: " Notice is hereby given that this is a business message, and that failure to deliver it promptly and correctly is likely to cause the sender financial loss.   Further particulars will be furnished if desired on application to the sender at 116 Bedford Street, Boston."

The plaintiff, when he presented his message, tendered a sum of money sufficient to pay the charges for its transmission as an unrepeated message.   When the message was presented to the clerk of the defendant at its office on Bedford Street, she said that she must see the manager, and the manager then stated to the plaintiff that the message could not be accepted with that notice attached, and that it was refused by instructions from headquarters.   The only reason given by the defendant's manager or clerk for refusing to transmit the message was that the sticker was attached.   The plaintiff was informed at the time that without the sticker the message would have been transmitted upon payment of the usual charges.

The facts material to the rulings and findings of the judge in regard to the rule of the defendant quoted in the opinion are there stated.

The sections of R. L. c. 122 mentioned above are as follows:

" Section 9.   A telegraph company shall receive despatches

from and for other telegraph companies and associations, and from and for any person; and, upon payment of the usual charges for transmitting despatches according to the regulations of the company, shall transmit them faithfully and impartially.

"Section 10. A telegraph company shall receive, compute and transmit despatches which may be received at its offices from another telegraph company or by mail, at the same rates of charge as for despatches which may be received for transmission from individuals on the same day and at the same place. A telegraph company which wilfully neglects or refuses to comply with the provisions of this or the preceding section shall forfeit not more than one hundred dollars to the company or person who sends or desires to send the despatch."

*A. Lord*, for the defendant.

*O. O. Partridge*, for the plaintiff.

KNOWLTON, C. J. This action was brought by the same plaintiff and tried at about the same time as *Vermilye* v. *Postal Telegraph Cable Co.*, reported in 205 Mass. 598, and it is almost identical with that case in its facts, and in the findings and rulings of the Superior Court. The only questions raised by the defendant's exceptions in this case that are not covered by our decision in the other are two: one as to the effect of a certain rule of the defendant, and the other as to the constitutionality of the R. L. c. 122, §§ 9, 10, in their application to a telegraph company that transmits messages in connection with interstate commerce.

The rule relied on by the defendant is as follows: "Messages to be on message forms. Each message for transmission will be written upon the form provided by the company for that purpose, or will be attached to such form by the sender or by the person presenting the message as the sender's agent so as to leave the printed heading in full view above the message." The plaintiff had no knowledge of this rule when he presented the message. It was in a tariff book which was open to the public in the defendant's office, but the company did nothing to call the attention of the public to the book, beyond leaving copies of it in its office. The defendant contended that the rule forbade the sender of messages to put anything upon the face of the blank but the message, the date, and the name and address of the

person to whom it is to be sent, and that the "sticker" and notice attached to the plaintiff's telegram were in violation of this rule. Witnesses for the defendant were in court ready to testify that the defendant and its agents had always put this construction upon the rule.

The judge ruled that the construction put upon it by the defendant and its agents was of no force to bind the plaintiff. This was plainly right. The question for the court was, what was the true meaning of the rule. Not only had the plaintiff done nothing in his dealings with the defendant that would affect him by the defendant's construction of the rule, but he did not even know of the existence of the rule.

The judge found as a fact that the rule did not have the meaning for which the defendant contended. Inspection of the tariff book showed that this was a rule of the receiving department, and that this and other rules under the same and similar headings in the tariff book were intended for the use and guidance of the company's agents, and not for the public.

The language of the rule shows that the judge was right in his construction of it. While it requires that messages shall be written upon the form provided for the purpose, it does not forbid the writing of any other unobjectionable matter upon the same paper, in such a way as not to mislead the agents or cause them inconvenience in the performance of their duties. It was put upon the paper by the plaintiff in the form of a sticker or a notice which it was proper for him to give to the company, orally or in writing, in any reasonable way. The judge found that its presence on the blank had no tendency to confuse the defendant's operator, or to increase the probability of error or delay in transmitting the message, and that it did not obscure the printed heading above the message. The judge was right in holding that this rule was not a justification for the defendant's absolute refusal to transmit the message.

The only other question is whether the statute under which the plaintiff was permitted to recover is unconstitutional as a regulation of interstate commerce. Seemingly this question was not brought to the attention of the judge or the plaintiff's attorney at the trial, and perhaps it was not thought of then by anybody. But, against the plaintiff's contention, we treat it as

open under the defendant's exception to the refusal of its fifth request for a ruling, namely, that " the defendant cannot be held liable under R. L. c. 122, § 9, for refusal to receive and transmit the message in question under the circumstances under which it was presented."

It is settled that telegraph lines extending through different States, to be used in an ordinary way, are instruments of commerce, and that messages passing over them from one State to another in the transaction of business are a part of interstate commerce that is entitled to the protection of the Constitution of the United States. *Pensacola Telegraph Co.* v. *Western Union Telegraph Co.* 96 U. S. 1. *Telegraph Co.* v. *Texas,* 105 U. S. 460. *Western Union Telegraph Co.* v. *Pendleton,* 122 U. S. 347. It is also as well settled by the highest authority that such a statute as that in question, so long as Congress passes no law upon the same subject, is not a regulation of interstate commerce, within the meaning of the constitutional provision, but is a proper police regulation for the enforcement of the rules and policy of the common law, which affects interstate commerce only incidentally. *Western Union Telegraph Co.* v. *James,* 162 U. S. 650. *Missouri, Kansas & Texas Railway* v. *Haber,* 169 U. S. 613, 634. *Missouri Pacific Railway* v. *Larabee Flour Mills,* 211 U. S. 612, 622. *Western Union Telegraph Co.* v. *Wilson,* 213 U. S. 52, 55. *Western Union Telegraph Co.* v. *Commercial Milling Co.* 218 U. S. 406. The defendant's counsel has given us no reason and has referred us to no decision that should call for a different conclusion. There is no constitutional objection to the plaintiff's recovery under the findings of the judge.

*Exceptions overruled.*