JOHN J. O'DONNELL, administrator, *vs.* INHABITANTS OF NORTH ATTLEBOROUGH.

Bristol.    March 29, 1912. — May 27, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Municipal Corporations. Statute,* Construction.

R. L. c. 34, § 28, providing, that "a city or town which owns or operates a gas or electric lighting plant shall be liable for any injury or damage to persons or property caused by its maintenance or operation, in the same manner and to the same extent as a private corporation," imposes no liability for causing death,

the liability set forth in this section being the same created by St. 1891, c. 370, § 16, which created no liability for death, and not having been enlarged by the codification of such § 16 into § 28 of R. L. c. 34.

R. L. c. 171, § 2, as amended by St. 1907, c. 375, relating to the liability of "a person or corporation" for causing death "by his or its negligence, or by the negligence of his or its agents or servants while engaged in his or its business," does not apply to a town or city in connection with its maintenance or operation of an electric lighting plant under the provisions of R. L. c. 34.

St. 1897, c. 416, relating to the liability for loss of life of "a corporation operating a gas or electric light plant or system," which with St. 1898, c. 565, was codified into R. L. c. 171, § 2, did not apply to a town or city operating a gas or electric light plant.

TORT by the administrator of the estate of Thomas E. O'Donnell, late of North Attleborough, for the death of the plaintiff's intestate on March 12, 1909, alleged to have been caused by his hand coming in contact with a guy wire leading to the top of a pole which formed a part of an electric lighting plant maintained and operated by the defendant, whereby the intestate received an electric shock from which he died. Writ dated May 8, 1909.

In the Superior Court the case was tried before *Hall, J.* At the close of the evidence the defendant asked the judge to order a verdict for the defendant on all the evidence, and also asked for a ruling that there was no evidence of the due care of the intestate. By agreement of the parties the jury returned a verdict for the plaintiff in the sum of $4,000, and the judge reported the case for determination by this court. If either ruling should have been given, judgment was to be entered for the defendant; otherwise, judgment was to be entered on the verdict.

*C. R. Cummings,* for the plaintiff.

*F. S. Hall,* for the defendant.

SHELDON, J. The defendant town has an electric lighting plant under the provisions of the statutes now codified into R. L. c. 34 and the acts in amendment thereof. Section 28 of this chapter provides that any city or town which does so shall be liable for "any injury or damage to persons or property caused" by the maintenance or operation of its plant "in the same manner and to the same extent as a private corporation." Other statutes provide that any "person or corporation" that negligently causes the death of a person shall under certain restrictions be liable, in an action by the executor or administrator of the deceased person, to damages as therein stated. R. L. c. 171, § 2. St. 1907, c. 375. This action

is brought under the last cited statutes to recover damages for the death of the plaintiff's intestate alleged to have been caused by the defendant's negligence in the maintenance and operation of its electric lighting plant. The first question presented is whether such an action against a town can be maintained.

It is suggested by the plaintiff that this point cannot now be raised because it does not appear to have been taken at the trial. But the defendant then contended that on the evidence a verdict should be ordered in its favor. It may now support this contention by any lawful argument. *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 190. *Vermilye* v. *Western Union Telegraph Co.* 207 Mass. 401, 405, 406.

The power to maintain gas and electric lighting plants was given to cities and towns by St. 1891, c. 370. Section 16 of this act created the same liability for negligence which is now set forth in R. L. c. 34, § 28. This created no liability for death; for in 1891 there was no statute imposing upon such a private corporation liability for the death of one not in its service or employment, though caused by its negligence. See the discussion of this question by the present Chief Justice in *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8. Such a liability was first created by St. 1897, c. 416, which gave a remedy against a corporation "operating a gas or electric light plant or system," which by its negligence or the unfitness or gross negligence of its servants or agents caused the death of a person who was not in its employ and who was exercising due diligence. This act, with St. 1898, c. 565, giving a similar remedy against any person or corporation, was afterwards codified into R. L. c. 171, § 2, which since has been amended by St. 1907, c. 375.

The question therefore is whether the general language "a person or corporation" must be taken to include cities and towns. We state the question in this form, because we think it plain that the codification of St. 1891, c. 370, § 16, into R. L. c. 34, § 28, cannot give any broader meaning to the words of the original statute than that which they had at the time of their enactment. *Great Barrington* v. *Gibbons,* 199 Mass. 527.

It has been a general rule in our legislation that statutes passed for the regulation of the rights and liabilities of corporations are to be applied only to private or moneyed corporations and not to

public or municipal corporations or *quasi* corporations. *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, 18. *Linehan* v. *Cambridge,* 109 Mass. 212, 213. As was said in the case last cited, the main purpose in the organization of the latter is political; the object of the Legislature in creating them has been to regulate the performance of public and political duties. *Ware* v. *Fitchburg,* 200 Mass. 61, 67, 68. And see the cases gathered in *Donohue* v. *Newburyport,* 211 Mass. 561. And it still remains true, although there have been two revisions of our statutes since the decision of *Linehan* v. *Cambridge, ubi supra,* that "the statutes of the Commonwealth which relate to . . . [cities and towns] . . . are collected and classified by themselves;" R. L. Title VII. cc. 25–34; while those which relate to the powers, duties and liabilities of corporations contain no reference to towns or cities, but are "devoted to the regulation of private and moneyed corporations." R. L. Title XV. cc. 109–126. It is especially noteworthy that the powers and liabilities of cities and towns which undertake to maintain gas or electric lighting plants are dealt with by themselves in one part of the provisions for the regulation of such public or governmental corporations; R. L. c. 34; while gas and electric light companies are considered, and provision is made for the conduct of their affairs and for the regulation of their powers and liabilities by an entirely different set of requirements. R. L. c. 121. When the Legislature did intend that some of these latter provisions should be applicable to cities and towns, this was done by express enactment. R. L. c. 121, § 38. We have here a case for the application of the maxim, *expressum facit cessare tacitum.* The provisions of R. L. c. 34, § 30, do not relate to this subject matter. So far as they afford ground for argument they tend to support the view which we have stated.

Accordingly we are of opinion that the language of R. L. c. 171, § 2, like that of St. 1897, c. 416, and of St. 1898, c. 565, does not include within its scope municipal or *quasi* municipal corporations, (*Donohue* v. *Newburyport, ubi supra*) and that this action cannot be maintained under either of those statutes.

It is no doubt true that where a business is lawfully conducted by a city or town, partly and incidentally at least for profit, the city or town is liable at common law for negligence in its management thereof. *Duggan* v. *Peabody,* 187 Mass. 349, 451. *Haley* v.

*Boston,* 191 Mass. 291. It may be therefore that the language of R. L. c. 34, § 28, is merely declaratory. But it is also true, as has been pointed out, that our laws give no civil remedy for the death of a human being except as provided by statute.

In other States, a broader meaning has been given to similar statutes, and they have been held to include public or municipal corporations. *Davis* v. *Rumney,* 66 N. H. 331. *McCaughey* v. *Tripp,* 12 R. I. 449. *Titman* v. *Mayor of New York,* 57 Hun, 469, affirmed in 125 N. Y. 729. *Murphy* v. *Board of Chosen Freeholders,* 28 Vroom, 245. *Merkle* v. *Bennington,* 58 Mich. 156. *Keever* v. *Mankato,* 113 Minn. 55. But the course of our legislation does not permit us to follow these cases, whatever we otherwise might be inclined to do. Cases like *Commonwealth* v. *Boston & Maine Railroad,* 3 Cush. 25, and *Rains* v. *Oshkosh,* 14 Wis. 372, rest upon a different principle. As to cases under our employers' liability acts, see *Coughlan* v. *Cambridge,* 166 Mass. 268; *Murphy* v. *Needham,* 176 Mass. 422.

The plaintiff contends that he can recover for a defect in the street under R. L. c. 51, § 17. But his declaration sets out no such cause of action. It does not even aver that the place of the accident was a public way. Nor does it sufficiently charge any injury to the plaintiff's intestate in his lifetime, whereby conscious suffering was caused to him. The only averment as to that is that he "was killed." Plainly the declaration was framed only under R. L. c. 171, § 2. The Superior Court might allow an amendment if it appeared that justice so required; but we can pass only upon the record presented.

The other questions raised need not be considered. Upon the evidence a verdict for the defendant should have been ordered; and on the terms of the report judgment must be entered in its favor.

*So ordered.*