INHABITANTS OF FRAMINGHAM *vs.* COMMISSIONER OF BANKS
*in re* TREMONT TRUST COMPANY.
CITY OF CAMBRIDGE *vs.* SAME.

Suffolk.    December 5, 1921. — January 14, 1922.

Present:. RUGG, C. J., DE COURCY, CARROLL, & JENNEY, JJ.

*Municipal Corporations.    Trust Company,* In liquidation.

A city or town, as a creditor in the commercial department of a trust company of whose property and business the commissioner of banks has taken possession under G. L. c. 167, § 22, should not be given a preference over general creditors of the trust company. Following *Commonwealth* v. *Commissioner of Banks, ante,* 244.

Two BILLS IN EQUITY, filed in the Supreme Judicial Court respectively on September 13 and on October 3, 1921, against the commissioner of banks, the first seeking a decree that a debt of $16,887.76, admitted by the commissioner, in possession under St. 1910, c. 399, § 2, of the property and business of the Tremont Trust Company, to be due to the town of Framingham in the commercial department of that bank, be preferred before all general debts of the bank except debts due to the United States and that the commissioner be directed to pay the indebtedness in full with interest.    In the second suit similar relief was sought with regard to a debt of $262,791.90 due to the city of Cambridge.

The defendant demurred to each bill.    The suits were consolidated and were heard together upon the demurrers by *Braley, J.,* by whose order decrees were entered dismissing the bills.    Each plaintiff appealed.

*W. Adams,* for the town of Framingham.

*P. J. Nelligan,* for the city of Cambridge, submitted a brief.

*H. W. Brown,* (*C. M. Storey* with him,) for the commissioner of banks.

Rugg, C. J. These are bills in equity brought by municipalities against the commissioner of banks, who is in possession of the Tremont Trust Company under authority of G. L. c. 167, §· 22. The plaintiffs were depositors in that institution when it was closed on February 17, 1921. They seek to establish a preference for themselves in the payment of their claims over other depositors. Every contention put forward in behalf of the plaintiffs is settled adversely to them by *Commonwealth* v. *Commissioner of Banks, ante,* 244, just decided. In each case the entry must be

*Decree dismissing bill affirmed.*