FRANCIS A. CAMPBELL *vs.* COMMISSIONER OF BANKS *in re* PRUDENTIAL TRUST COMPANY & another.

Suffolk.    March 7, 1922. — April 18, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Clerk of Courts.    Trust.    Trust Company,* In liquidation.    *Insolvency.*

Since a clerk of the Superior Court, in depositing with a trust company having no trust department under G. L. c. 172, § 49, funds received by him from litigants under Superior Court Rule 16 (1915) and Standing Order 17 (1916) and G. L. c. 35, §§ 22, 23, may insist under the provisions of G. L. c. 172, § 31, upon receiving security therefor from the trust company, if he does not require such security and the commissioner of banks takes possession of the property and business of the trust company under G. L. c. 167, § 22, he is not entitled to a priority over other general creditors of the trust company as to such funds, although when the deposits were made the officers of the trust company knew of their character and source and the clerk directed that the deposit should stand on the books of the trust company in his name followed by the designation "Clerk Superior Civil Court, Special," and it did stand there under his name followed by the designation, "Special."

BILL IN EQUITY, filed in the Supreme Judicial Court on August 9, 1921, seeking that the plaintiff be given priority as to funds in the amount of $11,453.56, deposited with the Prudential Trust Company by him as clerk of the Superior Court for the county of Suffolk, Civil Session, from sums deposited with him by litigants under Superior Court Rule 16 (1915) and Standing Order 17 (1916) and G. L. c. 35, §§ 22, 23; c. 246, § 1, and that the commissioner of banks in possession of the property and business of the trust company be ordered to pay to the plaintiff that amount in full.

The suit was heard by *Braley,* J.    Material facts found by him are described in the opinion.    At the request of the parties, the single justice reported the suit to the full court for determination.

*G. L. Mayberry,* (*W. F. Levis* with him,) for the plaintiff.

*J. E. Hannigan,* for the commissioner of banks.

CARROLL, J.    On September 10, 1920, the Prudential Trust Company became insolvent.    On that date the commissioner of banks took possession of its property.    At no time has there been in his possession property sufficient to pay all of its depositors in

full. The plaintiff, who is the clerk of the Superior Court for the transaction of civil business in the county of Suffolk, deposited a portion of the money received by him from litigants, in the Prudential Trust Company between April 25, 1916, and January 29, 1919, and on September 10, 1920, had on deposit in that company the sum of $11,453.56. He received this money from litigants in pending cases in varying amounts under the rule and standing order of the Superior Court, and G. L. c. 35, §§ 22, 23. The single question open on this record, is whether the plaintiff is entitled to share in the assets of the trust company as a preferred creditor. The issue whether the loss falls on the litigants whose funds were deposited by the plaintiff is not before us.

By Rule 16 of the Superior Court (1915), if money is paid into court and the party is not ready to receive it, it becomes the duty of the clerk to deposit it in some bank in his name as clerk. Standing Order number 17 of the Superior Court, January 8, 1916, relates to the payment of interest on deposits; and by G. L. c. 35, § 23, money paid into the courts of Suffolk County is to be placed at interest by the clerks thereof, the interest to be available for the county unless otherwise directed by the court.

The Prudential Trust Company never established a trust department, G. L. c. 172, § 49. The money received by the plaintiff as clerk of the Superior Court was deposited in the commercial department, the plaintiff's checks being signed "Francis A. Campbell, Special," the passbook reading "Francis A. Campbell, Special," — the deposit being thus designated on the books of the trust company, although the plaintiff requested that the deposits should appear in the name of Francis A. Campbell, Clerk Superior Civil Court, Special. It has been the practice in the clerk's office to treat moneys received from litigants as one fund so far as deposits in banks are concerned. They have been deposited in various banks. While it was not the practice to make a record of the bank where each sum paid into court was deposited, it would have been possible from the records of the deposit book to trace most, if not all, of them into the particular bank accounts where they were deposited. This, however, would probably have been impossible with the small accounts. No specific order was made by the Superior Court that money should be deposited in the Prudential Trust Company as distinguished from other banks

or trust companies, and no order given that the deposit should be made in the trust department of any trust company. The account was opened with the full knowledge of the officers of the Prudential Trust Company that the funds were trust funds under the control of the plaintiff as the money of litigants paid into court.

The Rules of Court and G. L. c. 35, §§ 22, 23, governing the deposits of money paid into court, did not in terms impose any special obligation upon banks receiving them; under G. L. c. 172, § 31, a trust company may receive deposits from one acting in "any fiduciary capacity," and it is expressly provided that they shall be general deposits and the trust company may be required to furnish security for deposits of public or "other funds" as may be requested by a public authority making such deposits. We think it clear that this section of the statute applies to the deposits made by the plaintiff. The statute was recently construed by this court in *Commonwealth* v. *Commissioner of Banks,* 240 Mass. 244, where it was said at page 249, "The deposits of money which these trust companies were authorized to receive were 'general deposits,' with the exception that they might give collateral or other security for deposits required by a 'public authority.' Manifestly the Treasurer and Receiver General was a 'public authority' within the meaning of those words in the statute. He might have insisted upon 'collateral or other security' as a condition to making a deposit. If the Commonwealth were entitled to an absolute preference in the payment of its deposits, it is unlikely that the trust companies would be authorized to give him additional collateral or other security. The requirement of the statute that moneys received on deposit shall be 'general deposits' (with the specified exceptions) implies that they shall all be commingled on the same footing of relation of debtor by the bank and creditor by the depositor without special preference of one creditor over another. See *National Mahaiwe Bank* v. *Peck,* 127 Mass. 298."

Under this statute the deposits of the Commonwealth are general deposits, *Commonwealth* v. *Commissioner of Banks,* and it is not entitled to a preference over other depositors although the Treasurer and Receiver General could have insisted on security for the funds in question. The principle of that case is applicable

to the case before us. The plaintiff has not shown that he is entitled to a preference over other depositors. The deposits were general deposits. If it be assumed that the plaintiff is a "public authority" and the deposits in the Prudential Trust Company were part of "other funds," by the express language of the statute, he could have insisted upon collateral or other security for them, and even if he were not in fact a "public authority" the deposits remained general deposits and they became part of the money of the trust company. Their identity as trust funds was lost. The plaintiff became a creditor of the trust company without preference over other creditors and no priority can be claimed for the funds deposited by him.

In addition to this G. L. c. 172, §§ 49, 50, provides that trust companies may have a trust department and the court may direct that money paid into court may be deposited in such corporations, upon such terms, as the court may prescribe. By § 54 it is provided that such deposits shall be special deposits not to be mingled with other moneys.

The Prudential company had no trust department and if the plaintiff desired a preference over other funds he could have deposited them with a trust company conducting a trust department according to the statute. It was his duty to have known that the Prudential Trust Company had no such department. He had full opportunity to secure the funds, and he cannot now insist that they be preferred when he failed to protect them as special deposits in the manner pointed out by the statute.

*Bill dismissed.*