COMMISSIONER OF BANKS *vs.* HIGHLAND TRUST COMPANY & another.

Middlesex.    October 5, 1932. — May 23, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Trust Company*, Liquidation.   *Tax*, Excise.   *Commonwealth.*

The Commonwealth was not preferred as a creditor of a trust company of which the commissioner of banks took possession on October 13, 1931, either with respect to an excise tax assessed under G. L. (Ter. Ed.) c. 63, § 2, before that date and based upon a return filed in the previous April and payable on October 20 or with respect to an excise tax assessed under § 16 of that statute on the following November 1; but it must file proof of claim for such excise taxes and accept in satisfaction such dividend as might later be made to nonpreferred creditors of the commercial department of the trust company.

There is ample authority in the statutes for the filing of such a proof of claim by the Commonwealth.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on April 12, 1932, by the commissioner of banks. The defendants are Highland Trust Company, and the Commonwealth.

The plaintiff took possession of Highland Trust Company on October 13, 1931. Before that date, an excise tax was assessed upon the trust company under G. L. (Ter. Ed.) c. 63, § 2, which was based on a return made in April, 1931, and was payable on October 20; and on November 1, 1931, an excise was assessed under § 16 of the statute.

The suit was heard by *Pierce*, J., by whose order there was entered the decree described in the opinion. The Commonwealth appealed.

*C. F. Lovejoy*, Assistant Attorney General, for the Commonwealth.

*F. G. Moulton*, for the plaintiff.

RUGG, C.J.   This is a bill in equity by the commissioner of banks in possession of the Highland Trust Company for instructions on the point whether the Commonwealth is

entitled to be paid in full as a preferred creditor the excise taxes due under the law from the trust company, or whether it must file proof of claim for such excise taxes and accept in satisfaction such dividend as may later be made to non-preferred creditors of the commercial department of the trust company. There is no dispute as to the amount or legality of the excise taxes. A decree was entered to the effect that the Commonwealth was not a preferred creditor for such excise taxes and that it must file proof of claim for the amount thereof and accept such dividend thereon as might be declared to general creditors. The appeal of the Commonwealth brings the case here.

Detailed provisions are made by statute to enable the commissioner of banks to take possession of the property and business of a trust company under specified conditions when demanded by the public welfare to liquidate its affairs and to distribute its assets by way of dividends. G. L. (Ter. Ed.) c. 167, §§ 22–36, both inclusive. This is a comprehensive statute. It purports to cover the whole field. It declares a legislative policy touching the subject. The commissioner acts as a public officer and not as a receiver appointed by the court. His authority is found in the statute and not in any judicial decree. Although he is vested with powers often conferred upon receivers, and subject in many particulars to the control of the court, he is nevertheless a public officer with whose appointment and conduct as prescribed by the statute the court has no responsibility. He performs duties imposed upon him in the main by the statute. It is a general principle that the enactment of a statute, seemingly designed to embrace completely a branch of administrative law, impliedly repeals the statutes and supersedes the common law theretofore governing the subject. *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353, 356–357, and cases cited. *O'Connor* v. *Boyden*, 268 Mass. 111, 114. *Knowlton* v. *Swampscott*, 280 Mass. 69.

No provision is to be found in the statutes giving to the Commonwealth a preference over other creditors for the payment of its excise taxes when a trust company is in

process of liquidation by the commissioner. That matter is omitted. Preferences of that nature are established as to settlements of estates by receivers by G. L. (Ter. Ed.) c. 206, § 31. Trust companies were taken out of the operation of receivership laws by St. 1910, c. 399, when the present law in its main features was enacted. It contained no provisions as to preferences of sums due to the Commonwealth. It would have been simple to include a clause to that effect if it had been intended. Preferences are established in favor of the Commonwealth by G. L. (Ter. Ed.) c. 216, § 118, as to insolvent estates, although that chapter is suspended by the Federal bankruptcy law; but the insolvency statute does not apply to banks. § 143. Taxes have a precedence in obligation for payment because government depends for its support upon their prompt and full payment. But preferences in statutory settlements of defunct corporations must be found in the governing enactment.

In *Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244, the plaintiff sought to secure a preference over other creditors for the payment of debts due it as a commercial depositor. It was held that, since no preference was to be found in the statute, none could be recognized by the court. It was said, page 250, that "the General Court has dealt comprehensively with the subject of liquidation of banks and trust companies and has established by its mandate all the preferences intended to exist." The case of *Jones* v. *Arena Publishing Co.* 171 Mass. 22, was distinguished upon grounds equally applicable to the case at bar. The point here in issue did not arise in *Commonwealth* v. *Barnstable Savings Bank,* 126 Mass. 526. In harmony with this conclusion are *Framingham* v. *Commissioner of Banks in re Tremont Trust Co.* 240 Mass. 253, where a town, *Campbell* v. *Commissioner of Banks in re Prudential Trust Co.* 241 Mass. 262, where a clerk of court, and *United States* v. *Commissioner of Banks,* 254 Mass. 173, where the United States, each was denied preferences against assets of trust companies in process of liquidation by the commissioner of banks.

There is no difficulty in filing proof by the Commonwealth of its claims for excise taxes. Taxes are not commonly classified as debts. *Boston* v. *Turner*, 201 Mass. 190, 193. A "tax does not create a contract. It is a unilateral act of superior power, not depending for its effect upon concurrence of the party taxed." *Alabama* v. *United States*, 282 U. S. 502, 507. The commissioner of corporations and taxation, however, is given authority by G. L. (Ter. Ed.) c. 63, § 73, to collect excise taxes like those here in question by action in contract in the name of the Commonwealth. This power is sufficient to enable the Commonwealth to file and prove its claim as a creditor. The provisions of G. L. (Ter. Ed.) c. 167, § 28, as to notice to "persons" and "creditors" are manifestly intended to be broad enough to comprise the claim of the Commonwealth for its excise taxes. It was said in *Shriver* v. *Woodbine Savings Bank*, 285 U. S. 467, 479: "Administrative remedies for the collection of taxes, if not made exclusive by statute, do not preclude the recovery of the tax by" other appropriate and authorized process.

The circumstance that one of the excise taxes may not have accrued until after the liquidation proceedings started constitutes no reason why proof of it should not be filed.

*Decree affirmed.*