*Walter C. N. Johnson,* pro se.

No argument nor brief for the defendant.

THEODORE A. MRUGALA, administrator, *vs.* CITY OF BOSTON. October 29, 1953. Order sustaining demurrer affirmed. Judgment for the defendant. The declaration in this action of tort alleges the death of the plaintiff's intestate by reason of the negligence of the defendant in the "installation, inspection,

management, and control" of a water supply system "constituting an operation for profit." The defendant demurred on the ground that the plaintiff had failed to state a case, and the demurrer was sustained. The sole question for decision is whether the defendant, a municipality, comes within G. L. (Ter. Ed.) c. 229, § 2C, inserted by St. 1949, c. 427, § 3, which imposes liability on "*a person* who by his negligence or by his wilful, wanton or reckless act . . . causes the death of a person in the exercise of due care" (emphasis supplied). That a municipal corporation does not come within this statute is settled by our law. *O'Donnell* v. *North Attleborough,* 212 Mass. 243. See *Donohue* v. *Newburyport,* 211 Mass. 561, 566–569; *Howard* v. *Chicopee,* 299 Mass. 115, 121; *New Bedford* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority,* 329 Mass. 243, 250; G. L. (Ter. Ed.) c. 4, § 7, Twenty-third. The authority of the *O'Donnell* case on this point was not shaken by the decisions in *Commissioner of Banks* v. *Highland Trust Co.* 283 Mass. 71, 74, *Hurlburt* v. *Great Barrington,* 300 Mass. 524, 526, and *Attorney General* v. *Woburn,* 322 Mass. 634, 637, on which the plaintiff relies. With respect to the portion here material the present statute is essentially the same as the statute (R. L. c. 171, § 2, as amended by St. 1907, c. 375) construed in the *O'Donnell* case. "It is a well settled rule of statutory interpretation that, when a statute after having been construed by the courts is reënacted without material change, the Legislature are presumed to have adopted the judicial construction put upon it." *Nichols* v. *Vaughan,* 217 Mass. 548, 551. *Bursey's Case,* 325 Mass. 702, 706.

*Harry J. Williams,* for the plaintiff.
*Paul A. Carbone,* Assistant Corporation Counsel, for the city of Boston.