COMMONWEALTH *vs.* LEO F. BENOIT & another
(and two companion cases[1]).

Suffolk.    June 19, 1963. — July 1, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Statute,* Repeal, Construction.    *Words,* "Incurred."

It is to be presumed that upon reënacting a statute with words from the
original statute judicially construed the Legislature adopts the judicial
construction.    [297]
The words "punishment . . . incurred" in G. L. c. 4, § 6, Second, pro-
viding that the "repeal of a statute shall not affect any punishment . . .
incurred before the repeal takes effect," are the equivalent of "liability
for punishment incurred."    [298]
By reason of G. L. c. 4, § 6, Second, an indictment charging acts com-
mitted in violation of G. L. c. 268, § 8, while § 8 was in force was not
invalid in that it was returned after the effective date of the repeal of
§ 8 by St. 1962, c. 779, § 3.    [294–295, 300]

INDICTMENTS found and returned on May 10, 1963.

The cases were reported by *Donahue, J.*

*Harold M. Willcox,* Special Assistant Attorney General,
for the Commonwealth.

*Joseph G. Crane (Monroe L. Inker & John F. Zamparelli*
with him) for the defendant Crimmins.

*James W. Kelleher* for the defendant Benoit (*George J.
Leary & Daniel F. Leary,* for the defendant Letteney, with
him).

WHITTEMORE, J.    An indictment against Benoit and John
A. Letteney and an indictment against Joseph R. Crimmins
charge violations of G. L. c. 268, § 8,[2] in 1960, or, as to

---

[1] The companion cases are by the Commonwealth against the same defend-
ants and by the Commonwealth against Joseph R. Crimmins.

[2] The statute imposed forfeiture, penalty and punishment upon a ''legisla-
tive, executive, judicial, county or municipal officer who corruptly requests or
accepts'' a bribe.

Crimmins, in 1959. A third indictment charges Benoit and Letteney with conspiracy to commit the acts complained of in the other indictment against them. The indictments were returned May 10, 1963.

The defendants filed motions to quash and, on June 6, 1963, the judge in the Superior Court reported in each case what is essentially one issue as follows: "Did the repeal by . . . [St. 1962, c. 779, § 3 (effective, by § 4, May 1, 1963), of G. L. c. 268, §§ 7–12 and 37–38] cause the indictment . . . to be invalid on the ground that . . . [it] was returned after the effective date of such repeal for acts which are alleged to have been done in violation of one of such repealed sections before the effective date of the repeal?"[3] The report in the conspiracy case differs only by its reference to "a conspiracy to commit acts in violation of one of such repealed sections . . . alleged to have taken place before the effective date of repeal."

General Laws c. 4, § 6, provides: "In construing statutes the following rules shall be observed unless their observance would involve a construction inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute: . . . Second, The repeal of a statute shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, prosecution or proceeding pending at the time of the repeal for an offence committed, or for the recovery of a penalty or forfeiture incurred, under the statute repealed."

"The general rules . . . established [by St. 1869, c. 410, the forerunner of c. 4, § 6, First and Second] are to be deemed part of every repealing statute . . . as much as if expressly inserted therein." *Commonwealth* v. *Desmond,* 123 Mass. 407. Thus the issue is, had the defendants, by committing offences in 1959 or 1960, "incurred" a "punishment [or] penalty" within the meaning of G. L. c. 4, § 6?

---

[3] The defendants filed an exception to the allowance of the motion of the Commonwealth that the cases be set for argument in this court. The order provided that if, after argument, any party wished further time for filing a further brief a request therefor would be granted. At the conclusion of the arguments the court gave opportunity for any party to request such time. No request was made.

1. In *Commonwealth* v. *Bennett,* 108 Mass. 30, this court construed the words (in a saving clause in St. 1870, c. 389, § 8) "penalty . . . already incurred under the provisions of any law in force prior to the passage of this act" to apply to an offence committed prior to the effective date of the statute but after its passage and first complained of after the effective date, saying, "A penalty 'already incurred' is one incurred at any time before the statute takes effect. If the provision had been merely to save 'all penalties already incurred,' there would be no doubt as to its construction. . . . When the statute became operative, the defendant was liable to a penalty already, that is, at that time incurred under the provisions of a law in force prior to the passage of the act, and might be prosecuted for it."

In *Nassar* v. *Commonwealth,* 341 Mass. 584, 589, we said: "The general intention of c. 4, § 6, Second, is to preserve, even after legislative change of a statute, the liability of an offender to punishment for an earlier act or omission made criminal by the statute repealed in whole or in part." In the *Nassar* case the offences had occurred and indictments had been returned in 1948, and the issue was the effect of a repeal as of January 1, 1949. Hence the holding of the case that sentence could be imposed under the statute in effect in 1948 was sustainable under that part of c. 4, § 6, which provides that repeal "shall not affect . . . any suit, prosecution or proceeding pending at the time of the repeal for an offence committed . . . under the statute repealed." Although it is, therefore, true that by strict application of the rule of stare decisis nothing in the holding of the *Nassar* case would bar our now holding that a "punishment [or] penalty" is "incurred" only after proceedings for its imposition have begun, that does not destroy the significance, in respect of the construction of the statute, of our statement of its general intent.

All concerned with the drafting and enactment of St. 1962, c. 779, were on notice by the *Bennett* case that words like those in c. 4, § 6 ("punishment [or] penalty . . . incurred"), were sufficient to continue liability for acts done

prior to the repeal. They were on notice also by the *Nassar* case that in the opinion of this court the intention of c. 4, § 6, Second, was to "preserve . . . the liability of an offender to punishment for an earlier act or omission." They, therefore, had good reason to assume that the saving clause of c. 4, § 6 (in effect reënacted by St. 1962, c. 779, § 3), would preserve the liability of preënactment violators of the repealed sections of c. 268.

Statute 1869, c. 410, Second, was reënacted in Pub. Sts. c. 3, § 3, Second, and R. L. c. 8, § 4, Second, and, in substance (with "statute" substituted for "act"), in St. 1919, c. 301, § 1, and the General Laws. Each reënactment of the words "shall not affect any punishment, penalty or forfeiture incurred" had an aspect of acceptance of the judicial construction of the words in the *Bennett* case.

" [W]hen the same legislature, in a later statute, use the terms of an earlier one which has received a judicial construction, that construction is to be given to the later statute. . . . [I]f it were intended to exclude any known construction of a previous statute, the legal presumption is, that its terms would be so changed as to effect that intention." *Commonwealth* v. *Hartnett*, 3 Gray, 450, 451. Accord, *Weiner* v. *Boston*, 342 Mass. 67, 73. Such continuing use in another statute of the construed words has an effect like that resulting from the reënactment of the same statute. Upon such reënactment "the Legislature are presumed to have adopted the judicial construction." *Nichols* v. *Vaughan*, 217 Mass. 548, 551. *Kelly* v. *Morrison*, 231 Mass. 574, 577. *Dolan* v. *Commonwealth*, 304 Mass. 325, 332–333. *Bursey's Case*, 325 Mass. 702, 706. *Mrugala* v. *Boston*, 330 Mass. 707, 708.

Section 3 of St. 1962, c. 779, as first drafted, read as follows (1962 House Doc. No. 3807): "Section 3. Sections seven, eight, eight A, nine, ten, eleven, twelve, thirty-seven and thirty-eight of chapter two hundred and sixty-eight of the General Laws are hereby repealed [as of the effective date of this act; provided, however, that such repeal shall not affect any prosecutions pending at the effective date of

repeal for an offense or offenses committed under a section so repealed; and provided, further, that all actions or proceedings, civil or criminal, as provided for in the sections so repealed, may be prosecuted and defended with respect to acts cognizable thereunder which occurred prior to the effective date of such repeal in the same manner as if such sections had not been repealed]'' (brackets added). The words in brackets were struck out by lines drawn through them in 1962 House Doc. No. 3807 before the bill was enacted. This we think shows recognition that the equivalent of these words was contained in G. L. c. 4, § 6, and gives no suggestion of an intention that the act should not have a saving clause as broad as that struck.

2. Although, as shown, our task is to determine what the words of c. 4, § 6, Second, mean in their 1962 context, we think the meaning is the same as it was in 1869.

Dictionary definitions of ''incur'' include ''to become liable or subject to; to bring down upon oneself; as, to incur debt, danger, displeasure, penalty, etc.,'' and ''to become through one's own action liable or subject to; to bring upon oneself.''

That ''incurred'' was used with this meaning in St. 1869, c. 410, Second, is shown by the second use of the word in the sentence, as follows: ''The repeal of an act shall not affect . . . any suit, prosecution or proceeding pending at the time of the repeal . . . for the recovery of a penalty or forfeiture *incurred,* under the act repealed'' (emphasis supplied). This emphasizes incurrence as resulting from the offender's wrongful act as distinguished from any proceeding by public authority to impose the consequences of the wrongdoing. It points to the use of the word ''incurred'' with the same meaning in the earlier clause of the sentence: ''shall not affect any punishment, penalty or forfeiture incurred.'' We recognize, as the defendants contend, that the words ''punishment . . . incurred'' are not precisely the equivalent of ''liability for punishment incurred.'' But we think they were so intended. This is the construction elsewhere. *State* v. *Hardman,* 16 Ind. App. 357, 359–360.

*In re Schneck,* 78 Kans. 207, 210. *Penn* v. *State,* 13 Okla. Cr. 367, 370. *State* v. *Moore,* 192 Ore. 39, 47–48.

The defendants cite other Massachusetts statutes wherein the Legislature expressly saved liability for an "offence committed." See Rev. Sts. c. 146, §§ 6, 7; St. 1869, c. 61, § 33; St. 1869, c. 245, § 52. We discern no significant indication in these statutes that liability for an offence committed should not be saved by the words of St. 1869, c. 410. In each of the statutes the words are "no offence committed, and no penalty or forfeiture incurred . . . shall be affected." The suggestion, we think, is that "offence committed" was used in some statutes with the same intention as in the use of "punishment . . . incurred" in other statutes.

Under this construction the second clause of St. 1869, c. 410, is unnecessary. If all liability to undergo punishment, penalty or forfeiture for prior acts is preserved, it is unnecessary to specify the more limited saving of any pending "suit, prosecution or proceeding . . . for an offence committed or for the recovery of a penalty or forfeiture incurred." There is, however, a like redundancy in other saving statutes where the intention is plain (see Rev. Sts. c. 146, §§ 6, 7; St. 1869, c. 61, § 33; St. 1869, c. 245, § 52) and in the clause stricken from 1962 House Doc. No. 3807 (point 1, *supra*), and we do not deem it significant.[4]

We reject the defendants' suggestion that the phrase "punishment, penalty or forfeiture incurred" was intended "to take care of convictions or judgments entered prior to the repealing statute," and that "incurred" is used in the sense of "accrued." The words are not at all appropriate to express such meaning. "Punishment . . . incurred" is not "sentence imposed," "conviction found" or "judgment entered." Further, the statute was for general application. Construed as the defendants contend it should be, continuance of liability would depend on the fortuity

---

[4] Perhaps, as the Commonwealth suggests, it has an historical explanation in two lines of common law authority. See *Commonwealth* v. *Marshall,* 11 Pick. 350, and *Commonwealth* v. *Kimball,* 21 Pick. 373.

whether the crime had been discovered and steps to impose punishment had begun. Whatever reasons might exist for enacting such a limited saving clause in certain cases, it would appear that general considerations would call for saving all liability. See 1 U. S. C. § 109 (1958); McKinney, Consolidated Laws of New York Annotated, "General Construction Law," § 93; cases from other States cited, this point, *supra*.

3. Statute 1962, c. 779, imposing new and high standards of conduct for public officers, shows no intent that offenders be relieved of incurred punishment for bribery. The implications are to the contrary.

4. Each rescript is to provide that the reported question is to be answered in the negative.

*So ordered.*