MARY P. BENNETT, administratrix,[1] *vs.* FLAVIO J. DeBONIS & another.[2] No. 87-825. September 23, 1988. *Landlord and Tenant,* Landlord's liability to tenant or one having his rights. *Negligence,* One owning or controlling real estate.

On or about April 4, 1985, the plaintiff (as an individual), her children, and the decedent (her brother) moved into a single family house which they rented from the defendants. The house was built long before 1975 and was situated in Leominster. About 9:30 P.M., November 23, 1985, the decedent was in his second-floor bedroom, apparently sleeping, when a fire of unknown origin broke out. The decedent's body was found in his bedroom by the door. The plaintiff brought this action, alleging that the defendants' failure to have a smoke or fire detector in the leased premises was a violation of their duty of care and the cause of the decedent's death in that he had not been alerted to the fire in enough time to get out of the house. The judge allowed the defendants' motion for summary judgment, and we affirm.

[1] Of the estate of Mark S. Bennett.
[2] Barbara E. DeBonis.

1. *The duty of care.* " 'A landlord must act as a reasonable person under all of the circumstances including the likelihood of injury to others, the probable seriousness of such injuries, and the burden of reducing or avoiding the risk.' " *Young* v. *Garwacki*, 380 Mass. 162, 169 (1980), quoting with approval from *Sargent* v. *Ross*, 113 N.H. 388, 397 (1973). The plaintiff makes a plausible argument that a reasonable landlord would have a smoke alarm in the leased premises in view of the facts that house fires are not uncommon, house fires cause serious injury and death, and smoke detectors are inexpensive.

We conclude, however, that it is not open to us to consider whether the landlords' failure to install a smoke detector was a breach of their common law duty of reasonable care for the following reason. Any common law duty pertaining to the installation of smoke detectors, sprinklers, alarms, etc., has been superseded by G. L. c. 148, §§ 26A through 26F, all in effect well before the present tenancy. The parties agree that Leominster has not voted to accept § 26E. The defendants, therefore, were expressly exempt from any statutory requirement to install a smoke detector in the house. Any common law duty that we might impose would contradict rather than complement the comprehensive legislative scheme. See *Doyle* v. *Kirby*, 184 Mass. 409, 411-412 (1903); *Salisbury* v. *Salisbury Water Supply Co.*, 279 Mass. 204, 206-207 (1932); *Commissioner of Banks* v. *Highland Trust Co.*, 283 Mass. 71, 72 (1933). Compare *Boston Housing Authy.* v. *Hemingway*, 363 Mass. 184, 195 (1973); *Soule* v. *Massachusetts Elec. Co.*, 378 Mass. 177, 185 (1979); *McGuiggan* v. *New England Tel. & Tel. Co.*, 398 Mass. 152, 156 n.5 (1986).

2. *Implied warranty of habitability.* The plaintiff makes no argument concerning the judgment as it relates to her claim of a breach of the implied warranty of habitability. The waiver (see Mass.R.A.P. 16[a][4], as amended, 367 Mass. 921 [1975]) is likely deliberate and in recognition of the fact that, on the undisputed facts here presented, our conclusion on the issue of a common law duty would also be dispositive of any implied warranty claim. Compare *Boston Housing Authy.* v. *Hemingway*, 363 Mass. at 195-196 & n.10.

*Judgment affirmed.*

*Kevin M. Foster* for the plaintiff.
*Richard W. McLeod* for the defendants.