PAUL R. PATRICK *vs.* COMMISSIONER OF CORRECTION.

Suffolk.    May 3, 1967. — June 7, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Imprisonment.    Statute,* Amendment, Retroactive statute, Repeal.    *Words,* "Incurred."

Where a prisoner in a correctional institution attempted to escape therefrom in September, 1963, before the effective date of St. 1963, c. 535, amending G. L. c. 127, § 129, and was convicted and sentenced for the attempted escape in 1964 after the effective date of such amendment, it was held that such amendment was not retroactive, that the prisoner's forfeiture of good conduct deductions by reason of the attempted escape was "incurred" at the time of the attempted escape within G. L. c. 4, § 6, Second, and that cl. Second was applicable and required that the forfeiture be governed by § 129 as amended by St. 1959, c. 445, § 2.

PETITION filed in the Superior Court on September 29, 1965, on transfer from the Supreme Judicial Court for the county of Suffolk.

The petitioner appealed from an order by *Moynihan,* J., for judgment dismissing the petition.

*Louis M. Nordlinger* for the petitioner.

*James B. Krasnoo,* Special Assistant Attorney General, for the respondent.

SPALDING, J.   By this petition for a writ of mandamus, the petitioner, a prisoner at the Massachusetts Correctional Institution at Walpole (Walpole), seeks to compel the Commissioner of Correction to credit to his term of imprisonment specified good conduct deductions as provided in G. L. c. 127, § 129, as amended.

The judge made findings and rulings of which the following is a summary.   On June 14, 1963, the petitioner was convicted of the crime of armed robbery and sentenced to serve not less than five nor more than seven years at Walpole.   Shortly thereafter he was transferred to the Massachusetts Correctional Institution at Norfolk (Norfolk). On September 18, 1963, he attempted to escape from that institution.   He was subsequently charged with the crime of attempted escape (G. L. c. 268, § 16) and was convicted of that offence on February 13, 1964.   He was sentenced to a term at Walpole for not less than one nor more than two years, the sentence to commence on the expiration of his prior sentence.

General Laws c. 127, § 129, provides for a tentative deduction from a prisoner's maximum term on account of good conduct; it further provides that certain deductions are to be forfeited if, during his term of imprisonment, the prisoner commits any offence for which he is convicted and sentenced.   At the time the petitioner attempted to escape from Norfolk in September, 1963, the matter of forfeitures of good conduct deductions was governed by § 129, as amended by St. 1959, c. 445, § 2.   The 1959 amendment provided: "If during the term of imprisonment of a prisoner confined in a correctional institution . . . such prisoner shall commit any offense of which he shall be convicted and sentenced, all deductions hereunder from the former sentence of imprisonment . . . shall be thereby forfeited." In October, 1963, however, approximately four months before the prisoner was convicted and sentenced for his attempted escape, the 1959 amendment was stricken by St. 1963, c. 535,[1] and the following was inserted in its place:

---

[1] The 1963 amendment was approved on July 15, 1963, and became effective ninety days thereafter.

"If, during the term of imprisonment of a prisoner confined in a correctional institution . . . such prisoner shall commit any offense of which he shall be convicted and sentenced, he shall not be entitled to any deductions hereunder from the new sentence or sentences of imprisonment." It is to be noted that the forfeiture of good conduct time with respect to a prior sentence was eliminated; the forfeiture under the 1963 amendment applies only to the new sentences, namely, those arising out of the offences committed during the term of imprisonment.

The petitioner, in response to an inquiry made to Walpole officials, was told that his entitlement to good conduct deductions with respect to his earlier sentence was governed by the 1959 amendment rather than the 1963 amendment and that because of his conviction and sentence for the attempted escape he had forfeited those deductions. Thereupon, the petitioner filed this petition.

The judge ruled that the petitioner's forfeiture of good conduct deductions under § 129 was governed by the 1959 amendment and that he was not entitled to any deductions on his earlier sentence. From an order for judgment dismissing his petition, the petitioner appealed.

Under G. L. c. 127, § 129, good conduct time deductions are forfeited upon the occurrence of two events: (1) the commission of an offence by the prisoner, and (2) the subsequent conviction and sentence therefor. It is clear that the forfeiture is intended to penalize the prisoner for the commission of the offence. Nevertheless, such forfeiture is not effected until the occurrence of the later event — the conviction and sentencing. The petitioner's forfeiture thus became effective in February, 1964. The question presented is whether that forfeiture is to be imposed under the terms of the 1959 amendment, which was in force at the time of the petitioner's attempted escape but not at the time when the forfeiture finally became effective.

We are of opinion that G. L. c. 4, § 6, Second, is determinative of this question. Section 6 provides certain rules which shall be observed in construing statutes, "unless

their observance would involve a construction inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute.'' Section 6, Second, provides in part: ''The repeal of a statute shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect . . . .'' We have said that ''The general intention of c. 4, § 6, Second, is to preserve, even after legislative change of a statute, the liability of an offender to punishment for an earlier act or omission made criminal by the statute repealed in whole or in part.'' *Nassar* v. *Commonwealth,* 341 Mass. 584, 589. *Commonwealth* v. *Benoit,* 346 Mass. 294, 296. And we have decided that a ''punishment, penalty or forfeiture'' is ''incurred,'' within the meaning of § 6, Second, at the time the offence for which punishment is imposed is committed. *Commonwealth* v. *Benoit, supra,* and cases cited.

General Laws c. 127, § 129, in so far as it imposes forfeitures of good conduct deductions upon criminal offenders, is strictly penal in nature and therefore governed by G. L. c. 4, § 6, Second. See *Nassar* v. *Commonwealth, supra,* at 588, and cases cited. The petitioner's forfeiture under § 129 was incurred — within the meaning of § 6, Second — at the time of his attempted escape. Thus the forfeiture was governed by the 1959 amendment, unless such a construction, as stated in § 6, would be ''inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute.''

We think there is no such inconsistency or repugnance. The 1963 amendment was not intended to cancel liabilities for forfeitures under § 129 incurred before it became effective; it amended merely the manner in which such forfeitures are to be imposed. Nor do we perceive any indication that the amendment was intended to operate retrospectively. It is settled that ''legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms.'' *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. *Greenaway's Case,* 319 Mass. 121, 123.

Considerations of fairness do not lead to a different conclusion. At the time the petitioner committed the offence for which the forfeiture was imposed, he had no reason to believe that his forfeiture would be imposed in any manner other than that provided by the 1959 amendment. And, although retrospectivity of the 1963 amendment would be advantageous in this particular case, such retrospectivity would be disadvantageous in the event that the prisoner's new sentence was longer than the original sentence.[2]

*Order dismissing petition affirmed.*

---

[2] We need not, and do not, consider whether a retrospective operation of the 1963 amendment, if clearly intended by the Legislature, would have been permissible. Compare *Commonwealth* v. *Wyman,* 12 Cush. 237, 238–239; *Commonwealth* v. *Vaughn,* 329 Mass. 333, 339.