STEPHEN S. CROOKER *vs.* CHAIRMAN OF THE MASSACHUSETTS PAROLE BOARD & another[1]; COMMISSIONER OF CORRECTION, intervener. No. 93-P-944. January 27, 1995. *Practice, Criminal,* Sentence, Parole. *Parole.*

On February 17, 1983, Stephen S. Crooker began serving a five-year sentence at M.C.I., Concord (the A sentence). He had also received two additional five-year M.C.I., Concord, sentences (the B sentences), concurrent with each other, but to be served from and after the A sentence. On February 19, 1985, Crooker was released on parole. He had acquired 300 days of statutory good time and sixty days of earned good time. He remained on parole until August 17, 1989, at which time a parole revocation warrant issued, and he was returned to custody.

Crooker filed an action in the Superior Court seeking declaratory and injunctive relief against the Massachusetts Parole Board (board). The complaint sought to require the board to credit Crooker with the time he had served successfully on parole against both of his consecutive sentences and to apply Crooker's good conduct deductions to reduce the aggregate maximum term of his consecutive sentences. He contended that the parole revocation was improper because his sentences had expired on February 23, 1989, while he was on parole. The board countered that Crooker's sentences did not expire until November 24, 1990.

The parties filed cross motions for summary judgment. After a hearing, a judge of the Superior Court granted summary judgment in favor of Crooker and denied the board's motion for summary judgment. The board has appealed.

In his memorandum of decision, the judge ruled that pursuant to G. L. c. 279, § 8A, Crooker's B sentences began on February 19, 1985, the day Crooker was released on parole from both sentences. The judge further ruled that, pursuant to G. L. c. 127, § 149, Crooker was entitled to credit against both the A and B sentences as long as he remained successfully on parole. The judge then noted that under G. L. c. 127, § 129, a parolee is entitled to be discharged from parole supervision on the latest date he could be held under any of his sentences, minus any good conduct deductions he acquired prior to parole. Because the latest date Crooker could be held under the B sentences was February 18, 1990 (five years after the B sentences commenced, which was February 19, 1985, the date Crooker was released on parole), Crooker's 300 days of statutory good time and sixty days of earned good time were to be subtracted from that date. The judge held that Crooker's discharge date was February 23, 1989, which was before his parole was revoked on August 17, 1989, and that the revocation was therefore ineffective.

---

[1]The Massachusetts Parole Board. The chairman of the Massachusetts Parole Board, John J. Curran, Jr., was also named in the complaint as a defendant in his individual capacity.

We agree with the motion judge's analysis. General Laws c. 279, § 8A, is clear and unambiguous. It provides that a from and after sentence "takes effect" when a prisoner is released from an earlier sentence "by parole or otherwise." *Commonwealth* v. *Pennellatore*, 392 Mass. 382, 391 (1984). The motion judge correctly concluded that Crooker began to serve his B sentences on the date he was released on parole.

Under G. L. c. 127, § 149, each day spent on parole counts toward satisfaction of a prisoner's sentence. *Pina* v. *Superintendent, M.C.I., Walpole*, 376 Mass. 659, 662 (1978). See also *Lynch, petitioner*, 7 Mass. App. Ct. 529, 537 n.14 (1979) (General Laws c. 127, § 149, requires that a prisoner who is released on parole and complies with the terms and conditions of his parole "continues to serve his sentence in the sense that he remains subject to supervision and is given day for day credit against the unexpired term of his sentence"). Therefore, because Crooker began to serve his B sentences when he was released on parole, he should receive day-for-day credit against both his sentences during the time he spent on parole.

In addition to having his sentences reduced by the amount of time he spent on parole, Crooker was also entitled to have the good time deductions that he earned while in confinement subtracted from his combined sentences. General Laws c. 127, § 129, as appearing in St. 1961, c. 282, restricts a parolee to good time deductions for "that period of the sentence or sentences during which he was actually confined." See *Pina* v. *Superintendent, M.C.I., Walpole*, 376 Mass. at 666. Where a prisoner is serving multiple sentences, the board must determine the maximum term for which the prisoner may be held under his sentences in order to determine a single release date from which the prisoner's total number of good conduct credits are deducted. G. L. c. 127, § 129. *Diafario* v. *Commissioner of Correction*, 371 Mass. 545, 550 (1976). "Hence, when a prisoner is released on parole, his discharge date must be recalculated so that he receives statutory good time deductions only for the months spent in confinement prior to his release." *Burno* v. *Commissioner of Correction*, 399 Mass. 111, 114-115 (1987).

This method of computing a release date does not change where, as here, one sentence was served entirely on parole and therefore had no deductions attributable to it. The statute, by its terms, applies equally to concurrent and consecutive sentences. It expressly applies whether the prisoner is paroled or serves the entire sentence in prison. See *Diafario* v. *Commissioner of Correction, supra* at 552 (pursuant to G. L. c. 127, § 129, sentences on which good conduct can and cannot be earned are aggregated; good conduct credits are not deducted only from the sentence on which they were earned).

The maximum expiration date of Crooker's A sentence was February 16, 1988, five years after it began. The maximum expiration date of Crooker's B sentences was February 19, 1990, five years after they com-

menced upon his parole. G. L. c. 279, § 8A. Therefore, when Crooker was released on parole, the maximum date he could have been held under any of his sentences was February 18, 1990.

Crooker had accrued 300 days of statutory good time and sixty days of earned good time before he was paroled. As the motion judge correctly concluded, after deducting Crooker's 360 days of good time credits from the maximum expiration date of Crooker's sentences, Crooker's discharge date became February 23, 1989, and his sentences had expired by the time the parole revocation warrant was issued on August 17, 1989.[2]

*Judgment affirmed.*

*William J. Meade*, Assistant Attorney General, for the defendants.
*James R. Pingeon* for the plaintiff.

---

[2]In his brief, Crooker has requested an award of appellate attorney's fees. That request is properly directed to the single justice of this court in a motion in accordance with the procedure set forth in *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 20 (1989).