Cratsley, J.
Plaintiff, John Graceffa (“plaintiff’), a Massachusetts prisoner, brings this action seeking equitable and monetary relief based on alleged errors in the computation of his good conduct discharge date. Plaintiff contends that he should have been issued a certificate of discharge on or before September 13, 1997, but that the defendant does not intend to discharge him until on or about October 31, 1997.
The parties have filed cross-motions for summary judgment, each contending that they are entitled to judgmentas amatter oflawpursuanttoMass.R.Civ.P. 56. This Court held a hearing on the parties’ cross-motions and, for the following reasons, now allows defendant’s motion and denies plaintiffs motion.
BACKGROUND
For purposes of summary judgment, the following facts are undisputed:
Plaintiff is currently incarcerated at the North Central Correctional Institution in Gardner, Massachusetts, serving two consecutive ten-year sentences for kidnapping and for assault and battery by means of a dangerous weapon. Both sentences were imposed on April 23, 1987 by the Middlesex Superior Court. Due to the application of 70 days of jail credit, the effective date of these sentences was February 12, 1987. Therefore, the original maximum term of the plaintiffs sentence was February 11, 2007 (twenty years after Februaiy 12, 1987).
Plaintiff was paroled on Februaiy 13, 1989. He was then held on a parole violation detainer from March 12, 1989 to March 24,1989 and released. Plaintiff was again held on a similar detainer from March 4, 1990 to March 15, 1990 and released. On July 19, 1990 plaintiff was returned to prison for a parole violation, and was subsequently paroled for a second time on December 10, 1990.
On April 18, 1991 plaintiffs parole was again revoked. The parties agree that plain tiff incurred 50 days of “dead time” between his parole revocation on April 18, 1991 and his eventual return to prison on June 8, 1991, which time does not count toward time on parole or time incarcerated. His original maximum date is therefore increased by these 50 days of dead time resulting in an adjusted maximum date of April 2, *470 2007. See Burno v. Commissioner of Correction, 399 Mass. 111, 117 (1987). Plaintiff has been incarcerated since June 8, 1991.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact in dispute and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
When considering a motion for summary judgment, this Court should not weigh evidence, assess credibility or find facts. The court may only consider undisputed material facts and apply them to the law. See Kelley v. Rossi, 395 Mass. 659, 663 (1985). The parties agree that there are no genuine issues of fact in dispute and that the only issue before the court is one of statutory construction which is appropriate for summary judgment.
Plaintiff alleges that defendant has misapplied state law resulting in an erroneous calculation of plaintiffs good conduct discharge date. Specifically, plaintiff contends that defendant is applying a policy of sentence calculation that fails to calculate a month as 30 days as required by G.L.c. 4, §7, cl. 19 and that, as a result, defendant is disregarding 5 days per calendar year which should be subject to statutory good conduct deductions pursuant to G.L.c. 127, §129. In addition, plaintiff claims that defendant has misapplied G.L.c. 127, §149A and the provisions of Crooker v. Chairman, Mass. Parole Bd., 38 Mass.App.Ct. 915, further appellate review denied, 419 Mass. 1109 (1995), resulting in 23 days which should be credited to plaintiff as time spent on parole rather than as time incarcerated. Defendant alleges that the Department of Corrections (“DOC”) has correctly interpreted and applied the relevant statutes and that, in accordance with the applicable law, it has correctly determined plaintiffs good conduct discharge date.
A. Application of G.L.c. 127, §129 and G.L.c. 4, §7, cl. 19
Plaintiffs sentences were imposed in 1987 for crimes committed prior to the repeal of G.L.c. 127, § 129.[1] He is therefore entitled to accrue statutory good conduct deductions (“statutory good time”) based on the aggregation of his two consecutive sentences at the rate of 12.5 days per month of incarceration. G.L.c. 127, §129.
G.L.c. 127, §129 states, in relevant part;
Every such prisoner whose record of conduct shows that he has faithfully observed all the rules of his place of confinement, and has not been subjected to punishment, shall be entitled to have the term of his imprisonment reduced by a deduction from the maximum term for which he may be held under his sentence or sentences, which shall be determined as follows .. . upon a sentence of four years or more, twelve and one half days for each month.
G.L.c. 127, §129 is controlled by the statutory terms defined by the legislature in G.L.c. 4, §7.
The word “month" is defined in G.L.c. 4, §7, cl. 19 as follows:
“Month” shall mean a calendar month, except that, when used in a statute providing for punishment by imprisonment, one “month” or a multiple thereof shall mean a period of thirty days or the corresponding multiple thereof; and “year,” a calendar year.
Plaintiff contends that the DOC has misapplied the definition of “month” in G.L.c. 4, §7, cl. 19 by using calendar months instead of 30-day months when calculating statutoiy good time. Defendant claims that the DOC properly applies a calendar month and has done so without objection since 1857 when statutory good time was first adopted, applying the current rates since they were adopted in 1955.
The central question is whether G.L.c. 127, §129, in so far as it applies statutoiy good time credits, is a “statute providing for punishment by imprisonment” to which a 30-day month should apply according to G.L.c. 4, §7, cl. 19. Plaintiff claims that since G.L.c. 127, §129 is a mechanism by which imprisonment is imposed, it is a penal statute to which a 30-day month must apply. Defendant argues that common sense dictates that a statute providing for punishment by imprisonment would, by its very terms, establish penalties of incarceration resulting from criminal convictions and that, since §129 does not establish criminal penalties or provide for punishment, it cannot possibly provide for “punishment by imprisonment.” For the following reasons, this Court concludes that §129 is not a “statute providing for punishment by imprisonment” and that the DOC is under no obligation to apply a 30-day month under the definition in G.L.c. 4, §7, cl. 19. Instead, it has properly applied a calendar month.
G.L.c. 127, §129 sets out a multilevel rate of statutory good time to be applied to the sentences of offenders in order to create an incentive for good behavior in the future. Wood v. Commissioner of Correction, 363 Mass. 79 (1973). The Supreme Judicial Court (“SJC”) stated that “General Laws c. 127, §129, in so far as it imposes forfeitures of good conduct deductions upon criminal offenders, is strictly penal in nature . . .” Patrick v. Commissioner of Correction, 352 Mass. 666, 669 (1967) (in context of discussion regarding forfeiture of good time intended to penalize a prisoner for *471 commission of an offense during the term of imprisonment). Further, the SJC has stated that, “[deductions for good behavior provided by a statute are a part of the sentence imposed by the court and a lessening of the term due a prisoner for good behavior must be recognized and granted. Depriving one of time off to which he was justly entitled as a practical matter results in extending his sentence and increasing his punishment.” Lembersky v. Parole Bd. of the Dept. of Correction, 332 Mass. 290, 294 (1955).
This Court recognizes that a forfeiture of good time credits has an impact that is penal in nature. However, this case involves the application of good time credits, not the forfeiture of those credits. The SJC has determined that §129 is penal in character only in so far as it imposes forfeitures. Patrick v. Commissioner of Correction, 352 Mass. at 669; Lembersky v. Parole Bd. of the Dept. of Correction, 332 Mass. at 294. The parties have not cited nor has this Court been able to find any authority on whether the application of good time credits is penal in nature and/or whether applying good time credits via the same law that allows for deductions provides for “punishment by imprisonment.”
A statute is to be interpreted according to the plain and ordinary meaning of its words. Globe Newspaper Co. v. Beacon Hill Architectural Com’n, 421 Mass. 570 (1996). “If the language employed is neither peculiar nor technical, but is comprised of familiar words commonly combined to express ... a simple thought . . . [our duty is to] construe the language according to the common and approved use of the language." Burno v. Commissioner, 399 Mass. at 119 (citations omitted). Penal laws are, in general, “state and federal statutes that define criminal offenses and specify corresponding fines and punishment” as well as “[statutes imposing a penalty, fine, or punishment for certain offenses of a public nature or wrongs committed against the state.” Black’s Law Dictionary 1133 (6th ed. 1990). Punishment is defined as “any fine, penalty, or confinement inflicted upon a person by the authority of the law and the judgment and sentence of a court, for some crime or offense committed by him, or for his omission of a duty enjoined by law.” Black’s Law Dictionary 1234 (6th ed. 1990).
Defendant claims that in calculating the statutory good time to be applied to a prisoner’s sentence, the DOC begins with the maximum term of the sentence in years and then multiplies the number of years times the applicable yearly Tate. An identical, alternative approach cited by the defendant is to multiply the number of years times 12 months times the monthly rate of 12.5 days. This approach has been employed by the Supreme Judicial Court in Diafario v. Commissioner of Correction, 371 Mass. 545, 547 (1976) (where the defendant had an aggregated sentence of 5 years and was entitled to 12.5 days good time credit per month, the high court concluded that the defendant was entitled to good conduct credits totaling 750 days (5 years x 12 months x 12.5 days/month = 750 days)); Burno v. Commissioner, 399 Mass. at 115 n.5 (in an illustration of the law, the SJC multiplied a prison term of years times 12 months per year times 12.5 days to calculate statutory good time credits under §129); and Pina v. Superintendent, Massachusetts Correctional Institute, Walpole, 376 Mass. 659, 662 (1978) (the SJC converted years into calendar months in order to determine statutoiy good time credits).
Consistent with the basic rules of statutoiy construction, the definitions quoted above, and the SJC’s employment of the DOC’s method of calculating statutory good time credits, this Court concludes that in so far as G.L.c. 127, §129 provides for the application of good time credits it is not a statute “providing for punishment by imprisonment.” Section 129 does not define a criminal offense nor does it specify corresponding fines and/or punishment. In addition, it is not a statute which imposes a penalty, fine, or punishment for an offense of a public nature or for a wrong committed against the state. Black’s Law Dictionary 1133 (6th ed. 1990). The application of good time credits under §129 also does not impose punishment as it does not inflict any fine, penalty, or confinement upon a person for some crime or offense committed by him. Black’s Law Dictionary 1234 (6th ed. 1990). The DOC is therefore under no obligation to apply a 30-day month to §129 and may properly apply a calendar month when computing good time credits.
Plaintiff claims that after converting an inmate’s sentence into years and then into calendar months, the DOC divides the remainder by 30-day months, thus applying a 30-day month to a portion of an inmate’s sentence. Defendant states that the DOC applies a 30-day month to the remainder days because there is no other way to calculate the good time credits which apply to the remainder days. However, just because the DOC uses a 30-day month to calculate good time credits on the remainder days, this does not mandate the application of a 30-day month to an inmate’s entire sentence. See pp. 5 — 8, supra.
B. Application of G.L.c. 127, §149A and Crooker v. Chairman, Mass. Parole Bd., 38 Mass.App.Ct. 915, further appellate review denied, 419 Mass. 1109 (1995)
Plaintiff also claims that defendant has failed to adjust plaintiffs good conduct discharge date in accordance with Crooker v. Chairman, Mass. Parole Bd., 38 Mass.App.Ct. 915, further appellate review denied, 419 Mass. 1109 (1995), for the 650 days he spent on parole. Having already been credited for 627 days on parole, plaintiff alleges that he is entitled to an additional 23 days’ credit for time spent in custody on detainers as this time constitutes parole and not incarceration. Defendant contends that plaintiff was properly credited with 627 days on parole, excluding *472 the 23 days held on parole violation detainers as time on detainers constitutes incarceration and not parole.
General Laws c. 127, §149A provides for the temporary custody of parolees and states:
If a parole officer believes that a parolee has lapsed or is about to lapse into criminal ways or has associated or is about to associate with criminal company or that he has violated the conditions of his parole, the parole officer may . . . issue a warrant for the temporary custody of said parolee for a period not longer than fifteen days .... Upon the withdrawal of said warrant, the time from the issuance of the warrant until the withdrawal shall be considered as part of the original sentence.
According to plaintiff, the term “part of the original sentence” is construed to mean that the detention is not treated as “dead time.” See Diafario v. Commissioner of Correction, 371 Mass. at 549 n.3. However, the DOC does not treat time spent on detainers as “dead time." Instead, this time is treated as time incarcerated. Defendant argues that the DOC properly treats time spent on detainers as time incarcerated and this Court agrees. Although the Parole Board considers time spent on detainers as time on parole because a warrant for revocation of parole has not yet issued, for purposes of computing sentence credit the DOC considers time spent on detainers as time spent incarcerated because this works to the advantage of most prisoners.
The parties have not cited any case law interpreting G.L.c. 127, §149A or supporting either parties’ position and this Court has not been able to find any. Therefore, in the absence of controlling authority, this Court turns to the parties’ arguments and finds the defendant’s more persuasive, concluding that time spent incarcerated on a parole detainer should be counted as time incarcerated and not as time on parole.
Although the defendant argues that the DOC’s method works to the advantage of most prisoners, it does not work to the advantage of plaintiff and results in a discrepancy of approximately 7 days of good time credit to which plaintiff claims he is entitled. This policy works to the disadvantage of prisoners receiving “Crooker credit” because those individuals receive double credit while on parole but only single credit plus statutory good time while incarcerated. Crooker v. Chairman, Mass. Parole Bd., 38 Mass.App.Ct. at 916; Pina v. Superintendent, Mass. Correctional Institute, Walpole, 376 Mass. at 661, 667-68. According to defendant, prisoners currently receiving “Crooker credit” who have been held on detainers make up a very small minority of those individuals currently incarcerated. The defendant alleges that the number of inmates who would be harmed by instituting the plaintiffs method is significantly higher. Thus, a ruling directing the DOC to treat time incarcerated on detainers as time on parole rather than time incarcerated would hurt more prisoners than it would help, and would most likely result in increased litigation.
Plaintiff was on parole for four periods of time: February 13, 1989 to March 12, 1989 (27 days); March 24, 1989 to March 4, 1990 (345 days); March 15, 1990 to July 19, 1990 (126 days); and December 10, 1990 to April 18, 1991 (129 days). Plaintiff was thus on parole for a total of 627 days. Plaintiff was returned from parole and incarcerated pursuant to two parole violation detainers from March 12, 1989 to March 24, 1989 (12 days) and March 4, 1990 to March 15, 1990 (11 days). The plaintiff spent a total of 23 days incarcerated on parole detainers and this time should not count as time on parole.
If this Court concludes, as it has, that time spent incarcerated on parole detainers is time incarcerated rather than time on parole, the parties agree that the DOC has correctly calculated plaintiffs “Crooker credit.” The defendant states that the Department of Correction’s methodology of calculating “Crooker credit” was reviewed and accepted prior to implementation by Crooker’s attorney, James Pingeon, Esq. of Massachusetts Correctional Legal Services prior to this case.
Plaintiff was on parole for 627 days on both sentences. Since the “Crooker credit” will be deducted from the previously calculated maximum date which includes prospective statutory good time for that period, the 262.5 days of statutory good time which plaintiff would have earned during the 627 days on parole must be deducted from 627, creating a credit of 364.5 days. This calculation prevents an inmate from improperly receiving statutory good time while on parole. The parties agree that if plaintiff was on parole for 627 days, as this Court now concludes he was, the correct application of “Crooker credit” results in a credit of 364.5 days.
C. Calculation of Plaintiffs Good Conduct Discharge Date
Since it has been determined that the DOC has correctly applied the relevant statutes, rather than recalculate the plaintiffs good conduct discharge date, this Court adopts the date arrived at by defendant. The plaintiff does not argue with the DOC’s calculation of plaintiffs good conduct discharge date as long as this Court finds that the DOC has correctly applied the relevant statutes, as it now does. Therefore, as of August 26, 1997, the date of oral argument on summary judgment, the plaintiffs good conduct discharge date was October 31, 1997.
ORDER
For the foregoing reasons, this Court now ORDERS that the defendant’s motion for summary judgment is ALLOWED and the plaintiffs motion for summary judgment is DENIED.

 Repealed by St. 1993 c. 432, § 10 (1994), effective July 1, 1994.