WILLIAM LUZ *vs.* COMMISSIONER OF CORRECTION & others.[1] No. 96-P-2084. August 13, 1998. *Practice, Criminal,* Sentence, Parole. *Imprisonment,* Parole. *Public Officer. Governmental Immunity.*

As in *Hutton* v. *Superintendent, M.C.I., Norfolk,* decided today and reported *ante* 304 (1998) the plaintiff is a former prisoner who claims civil damages for wrongful incarceration that resulted from a miscalculation of his discharge date from prison. In a proceeding in the Superior Court having to do with the application of G. L. c. 279, § 8A, as in the *Hutton* case, a judge of that court determined the plaintiff Luz had been wrongfully confined for 261 days. In another proceeding, having to do with the application of G. L. c. 127, § 149, a second judge determined that Luz had been wrongly confined for 494 days. A third Superior Court judge heard Luz's claim for civil damages and allowed summary judgment for the defendants on the ground that Luz's rights had not been clearly established when the defendants acted, and that the defendants were protected by a qualified immunity.

As to the claim under G. L. c. 279, § 8A, Luz's circumstances are the same as those of the plaintiff in *Hutton.* The calculations of the Department of Correction (department) and the parole board (board) were made before our decision in *Crooker* v. *Chairman of the Massachusetts Parole Bd.,* 38 Mass. App. Ct. 915 (1995), and the right asserted by Luz had not been clearly established. His case on that score is governed by the *Hutton* opinion, and summary judgment was rightly allowed on this aspect of the case.

The balance of the disputed time with which Luz was ultimately credited — by the Superior Court judge, not by the defendants — represented days of incarceration between his fourth parole violation and disposition of the charges which caused the parole violation. The parole revocation warrant issued on July 31, 1991, but was not served until January 12, 1993. The reason for the long interval was that Luz was found guilty in a bench trial of breaking and entering, larceny, and possession of a hypodermic needle, but then exercised his then available right to a trial de novo on the breaking and entering and larceny charges. Those charges were dismissed on January 12, 1993, for lack of prosecution. The government then *served* Luz with the parole revocation warrant. The department and the board did not credit Luz with the intervening time against his original sentences, imposed in 1981. Those were a ten-year sentence at M.C.I., Concord, for forgery plus a from and after ten-year sentence at M.C.I., Concord, for breaking and entering in the day time.

Among the puzzles for the department and the board was how to apply G. L. c. 127, § 149, in circumstances in which major charges are ultimately dismissed, and there is a finding of guilty on a minor charge (the one for possessing a hypodermic needle) but that guilty finding is filed and no sentence is imposed. There was reason to think that the parole revocation warrant was not to be *served* until that final disposition on January 12, 1993. See *Watts* v. *Commissioner of Correction,* 42 Mass. App. Ct. 951, 952 (1997). Moreover, the seventh sentence of § 149 appears to grant the board discretion to serve the parole violation warrant retroactively in cases in which

[1]Sheila Hubbard, chair of the parole board, and Robert Gittens, immediate past chair of the parole board.

there is no finding of guilt, as opposed to a finding of not guilty.[2] Ultimately, the Superior Court judge, applying presumptions against creation of "dead time" from the case law, determined that Luz was entitled to credit against the balance of his sentences for time he was held in lieu of bail between September 6, 1991, and January 12, 1993. The cases the judge relied on were *Commonwealth* v. *Grant*, 366 Mass. 272, 275-276 (1974), *Manning* v. *Superintendent, M.C.I., Norfolk*, 372 Mass. 387, 392-396 (1977), and *Chalifoux* v. *Commissioner of Correction*, 375 Mass. 424, 427 (1978). In arriving at his conclusion, the judge commented that the statute was "plagued by a lack of clarity."

The application of G. L. c. 127, § 149, in this case was not clearly established and required thoughtful interpretation by the Superior Court judge (the second one) who considered that aspect of the case. For the reasons explicated in the *Hutton* decision, *supra* at 307-308, summary judgment was rightly allowed in favor of the defendants.

*Judgment affirmed.*

The case was submitted on briefs.

*Barry Bárkow* for the plaintiff.

*William J. Meade*, Assistant Attorney General, for the defendants.


---

[2]The seventh sentence of § 149 reads as follows: "If the disposition of the new criminal charges or charges of violation of probation or parole is without a finding of guilt, the parole board may retroactively serve the parole violation warrant."

