## Commonwealth vs. Katia Dotson.

Suffolk. February 6, 2012. - April 27, 2012.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Idle and Disorderly Person. Practice, Criminal,* Sentence, Probation. *Statute,* Amendment, Retroactive effect. *Moot Question.*

This court exercised its discretion to address an issue raised in a case that was moot, where the issue had been fully argued on both sides; where the question was certain, or at least very likely, to arise again in similar factual circumstances; and where appellate review could not be obtained before the recurring question would again be moot. [98-99]

A judge in the Boston Municipal Court Department did not err in denying the criminal defendant's motion to correct her sentence of probation on a conviction of disorderly conduct, where the defendant committed the offense before the effective date of an amendment to G. L. c. 272, § 53, which reduced the penalty for a first offense of disorderly conduct to a fine, and where there was no clearly expressed intention by the Legislature to have that amendment apply retroactively. [99-101]

Complaint received and sworn to in the Dorchester Division of the Boston Municipal Court Department on September 5, 2008.

The case was tried before *Kenneth V. Desmond, Jr.,* J., and a motion to correct an illegal sentence, filed on February 9, 2010, was heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*James P. Vander Salm* for the defendant.

*Zachary Hillman,* Assistant District Attorney, for the Commonwealth.

Spina, J. During the afternoon of July 13, 2008, the defendant got into a verbal altercation with her boy friend near her home in the Dorchester section of Boston. Police responded to the scene to restore the peace. On September 5, 2008, a criminal complaint issued against the defendant in the Dorchester Divi-

sion of the Boston Municipal Court Department, charging her with one count of disorderly conduct, G. L. c. 272, § 53, and one count of assault on a police officer, G. L. c. 265, § 13A (*a*). Following a jury trial on July 21 and 22, 2009, the defendant was found guilty of disorderly conduct and acquitted of assault. She received two years of straight probation, with conditions. The defendant filed a notice of appeal from her conviction.

On February 9, 2010, the defendant filed a motion to correct illegal sentence pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001). She argued that two years of probation exceeded the maximum penalty for disorderly conduct where, before the time of her trial and conviction, the Legislature amended G. L. c. 272, § 53, to reduce the penalty for a first offense of disorderly conduct to a fine. See St. 2009, c. 27, § 98. Following a hearing, the same judge who had presided at the defendant's trial denied her motion, and the defendant appealed. On June 1, 2010, the defendant's probation was terminated at the request of her probation officer, and she was discharged.

In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the defendant's conviction and the order denying her motion to correct illegal sentence. See *Commonwealth* v. *Dotson*, 78 Mass. App. Ct. 1118 (2011). The defendant filed an application for further appellate review, which we granted but limited to the matter of sentencing. At issue is whether the 2009 amendment to G. L. c. 272, § 53, which became effective after the defendant had engaged in disorderly conduct but before the time of her trial, and which changed the punishment for a first offense, constituted a repeal of the prior version of that statute but, pursuant to G. L. c. 4, § 6, Second, did not affect the punishment incurred before the repeal took effect. For the reasons that follow, we now affirm.

1. *Statutory background.* On July 13, 2008, the date when the defendant committed the disorderly conduct, G. L. c. 272, § 53, as amended through St. 1988, c. 66, § 1, stated:

> "Common night walkers, common street walkers, both male and female, common railers and brawlers, persons who with offensive and disorderly acts or language accost or annoy persons of the opposite sex, lewd, wanton and

lascivious persons in speech or behavior, idle and *disorderly persons*, disturbers of the peace, keepers of noisy and disorderly houses, and persons guilty of indecent exposure *may be punished by imprisonment in a jail or house of correction for not more than six months, or by a fine of not more than two hundred dollars, or by both such fine and imprisonment*" (emphasis added).

Effective July 1, 2009, prior to the defendant's conviction on July 22, 2009, the Legislature "amended" G. L. c. 272 by "striking out" § 53 and "inserting in place thereof:"

> "Section 53. (*a*) Common night walkers, common street walkers, both male and female, persons who with offensive and disorderly acts or language accost or annoy persons of the opposite sex, lewd, wanton and lascivious persons in speech or behavior, keepers of noisy and disorderly houses, and persons guilty of indecent exposure shall be punished by imprisonment in a jail or house of correction for not more than 6 months, or by a fine of not more than $200, or by both such fine and imprisonment.

> "(*b*) *Disorderly persons* and disturbers of the peace, *for the first offense, shall be punished by a fine of not more than $150*. On a second or subsequent offense, such person shall be punished by imprisonment in a jail or house of correction for not more than 6 months, or by a fine of not more than $200, or by both such fine and imprisonment" (emphasis added).

St. 2009, c. 27, § 98.

2. *Mootness.* As a preliminary matter, the Commonwealth asserts that, although the defendant's probation has terminated, we nonetheless should review the merits of her claim. We agree.

"Ordinarily, litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome." *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976). Although this court occasionally has decided issues of public importance in moot cases, we do so only where the issue has been "fully argued on both sides, where the question was certain, or at least very likely, to arise again in similar factual circumstances, and especially where appellate review

could not be obtained before the recurring question would again be moot." *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 783 (1984). This is one of those cases. It was rendered moot by the termination of the defendant's probation, but we exercise our discretion to address the issue whether probation was the appropriate punishment for her conviction of disorderly conduct. See, e.g., *Lowell Hous. Auth.* v. *Melendez*, 449 Mass. 34, 35 (2007); *Commonwealth* v. *Durham*, 446 Mass. 212, 217, cert. denied, 549 U.S. 855 (2006); *Commonwealth* v. *Pagan*, 445 Mass. 315, 317 (2005); *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993).

3. *Punishment for violation of G. L. c. 272, § 53.* The defendant contends that she was entitled to the benefit of the 2009 amendment to G. L. c. 272, § 53. As such, she continues, the judge only should have imposed on her a fine of not more than $150 for her conviction of disorderly conduct. In the defendant's view, two years of probation was an "illegal" sentence. We disagree.

Our analysis of the effect of the 2009 amendment to G. L. c. 272, § 53, on the defendant's case is guided by G. L. c. 4, § 6, which sets forth rules for the construction of "strictly penal" statutes. *Nassar* v. *Commonwealth*, 341 Mass. 584, 588 (1961) (*Nassar*). General Laws c. 4, § 6, provides, in relevant part:

> "In construing statutes the following rules shall be observed, unless their observance would involve a construction inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute: . . .

> "Second, The repeal of a statute shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, prosecution or proceeding pending at the time of the repeal for an offence committed, or for the recovery of a penalty or forfeiture incurred, under the statute repealed."

The rule of construction set forth in G. L. c. 4, § 6, Second, has remained virtually in its present form since 1869. See St. 1869, c. 410. The purpose of this enactment is to "preserve, even after legislative change of a statute, the liability of an

offender to punishment for an earlier act or omission made criminal by the statute repealed in whole or in part." *Nassar, supra* at 589. See *Commonwealth* v. *Yee*, 361 Mass. 533, 539-540 (1972) (where acts and indictments of defendant occurred before effective date of repeal of G. L. c. 94, §§ 212 and 212A, defendant could be tried and punished under those statutory provisions). We have said that to the extent that amended sections of a statute are inconsistent with the earlier provisions, there has been an implied repeal of the latter. See *Nassar, supra.* See also *Commonwealth* v. *Graham*, 388 Mass. 115, 125 (1983) (discussing principle of implied statutory repeal). Further, we have decided that "a 'punishment, penalty or forfeiture' is 'incurred,' within the meaning of [G. L. c. 4,] § 6, Second, at the time the offence for which punishment is imposed is committed." *Patrick* v. *Commissioner of Correction*, 352 Mass. 666, 669 (1967), quoting *Commonwealth* v. *Benoit*, 346 Mass. 294, 296 (1963).

Because the July 1, 2009, amendment to G. L. c. 272, § 53, was inconsistent with the statute as it existed prior to that date, the 2009 amendment effected a repeal of the earlier version. However, this repeal did not affect the imposition of two years of straight probation on the defendant. Her punishment was "incurred" on July 13, 2008, the date she committed the offense of disorderly conduct, which was before the effective date of the repeal. Thus, the defendant's punishment was governed by G. L. c. 272, § 53, as it existed on July 13, 2008, unless such a construction of the statute would be, as stated in G. L. c. 4, § 6, "inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute." We conclude that there is no inconsistency or repugnancy.

The effect of the 2009 amendment to G. L. c. 272, § 53, was to differentiate between a first offense for disorderly conduct and a second or subsequent offense, substantively impacting both how the Commonwealth proceeds in prosecuting a defendant *and* how a defendant is punished. See *Nassar, supra* at 589-590. It is conceivable, as the defendant contends, that by reducing the penalty for a first offense of disorderly conduct from the possibility of incarceration to merely a fine, the Legislature intended to confer a benefit on those defendants subject to

pending prosecutions under G. L. c. 272, § 53. However, it is well settled that "legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms." *Patrick* v. *Commissioner of Correction, supra,* quoting *Hanscom* v. *Malden & Melrose Gas Light Co.,* 220 Mass. 1, 3 (1914). Here, we see no clearly expressed intention by the Legislature to have the 2009 amendment to G. L. c. 272, § 53, applied retroactively. See *Nassar, supra* at 590-591. The fact that a defendant who committed the offense of disorderly conduct before July 1, 2009, is not entitled to benefit from the 2009 amendment may be, in the defendant's view, an unfair consequence of G. L. c. 4, § 6, Second, but it does not rise to the level of repugnancy.[1]

The judge's denial of the defendant's motion to correct the illegal sentence is affirmed.

*So ordered.*

---

[1] In light of our conclusion that the defendant's punishment was governed by G. L. c. 272, § 53, as it existed on July 13, 2008, we need not consider whether probation would have been a permissible disposition under the 2009 amendment to that statute where § 53 (*b*) only provides for the imposition of a fine for a first offense of disorderly conduct.