The defendant appeals from an order of a Superior Court judge denying his motion for new trial. The defendant also asserts, for the first time, an ineffective assistance of counsel claim that follows from the same set of facts. The fundamental issue is whether a sentencing reform law had been passed before or after the defendant's sentencing on January 25, 1980. Because the law was passed well after the defendant was sentenced, the sentence was not illegal. We affirm.
Nearly forty years ago, after a jury trial, the defendant was found guilty of assault with intent to rape, assault and battery by means of a dangerous weapon, attempt to commit murder by strangulation, armed assault with intent to murder, and armed burglary. For the assault with intent to rape count, he was sentenced on January 25, 1980, and received a State prison sentence of not less than thirty and not more than forty-five years committed. At the time, the crime was punishable by imprisonment for life or any term of years. See St. 1978, c. 379, § 1, amending G. L. c. 265, § 24. Then, on July 10, 1980, more than five months later, the Legislature passed Statute 1980, c. 459, which revised the crime's maximum penalty to not more than twenty years committed. See G. L. c. 265, § 24, as amended through St. 1980, c. 459, § 7. The governor submitted an emergency letter that effectuated the act on July 11, 1980. The defendant now argues incorrectly that St. 1980, c. 459, was passed prior to his sentencing and that this injustice warrants a new trial.[2]
Rule 30 (b) of the Massachusetts Rules of Criminal Procedure allows a judge to grant a new trial if "justice may not have been done." Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). The judge "shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law." Id. When reviewing a motion for new trial, we "examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Brescia, 471 Mass. 381, 387 (2015), quoting Commonwealth v. Wright, 469 Mass. 447, 461 (2014).
Here, the judge committed no error in denying the motion for new trial. The judge's memorandum correctly identified the date of both the defendant's conviction and the date St. 1980, c. 459, went into effect.[3] Nothing in the statutory language indicates that the Legislature intended the sentencing reform to be applied retroactively, as would be required. See Commonwealth v. Dotson, 462 Mass. 96, 99-101 (2012). Because the defendant was tried, convicted, and sentenced prior to the passage of the new sentencing limits, the defendant's sentence was not illegal and the denial of the defendant's motion for new trial was proper.
Additionally the defendant asserts that he received ineffective assistance from both trial and appellate counsel for their failure to raise the purportedly illegal sentence with the court. Since the defendant failed to raise this claim in his motion for new trial, we review to determine whether an error was committed, and if so, if it created a "substantial risk of a miscarriage of justice." Commonwealth v. Bowen, 92 Mass. App. Ct. 793, 800 (2018). For the reasons stated above, there was no error committed.
Lastly, to the extent that other contentions made by the defendant are not discussed, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).
Order denying motion for new trial affirmed.

The defendant's filings fabricate an order of events that would justify his argument. In his motion for new trial, the defendant claimed that St. 1980, c. 459, was passed on January 25, 1980, and that he was sentenced on December 5, 1980. In his appellate brief, the defendant repeats the false assertion that the act was passed in January. His brief does use the correct sentencing date at first but goes on to reference a sentencing date of December 25, 1980.

The Commonwealth argues that the defendant was actually sentenced under G. L. c. 265, § 24(B), rather than G. L. c. 265, § 24. General Laws c. 265, § 24(B), pertains specifically to the assault of a child under sixteen with the intent to commit rape. If that were the case, the outcome here would not change, because the statutory maximum for that charge is and has been life or any term of years. However, based on the mittimus and the docket included in the record, we believe the motion judge analyzed the issue correctly.