NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us
SJC-12723

COMMONWEALTH  vs.  ASHE A., a juvenile.


October 29, 2019.


Delinquent Child.  Juvenile Court, Delinquent child,
    Jurisdiction.  Jurisdiction, Delinquent child, Juvenile
    Court, Juvenile delinquency proceeding.  Practice,
    Criminal, Juvenile delinquency proceeding.  Statute,
    Retroactive application.


On February 20, 2018, a complaint issued against the
juvenile charging him with disturbing a school assembly, in
violation of G. L. c. 272, § 40, as amended by St. 1969, c. 463,
§ 1.  He was arraigned in the Juvenile Court on the same day.
At the time, § 40 provided that "[w]hoever wilfully interrupts
or disturbs a school . . . shall be punished."  While the
juvenile's case was pending in the Juvenile Court, on April 13,
2018, the Legislature enacted "An Act relative to criminal
justice reform" (act).  St. 2018, c. 69.  As part of the act,
the Legislature struck the former statute in its entirety and
replaced it.[1]  The statute now provides:

    "Whoever willfully interrupts or disturbs an assembly of
    people meeting for a lawful purpose shall be punished by
    imprisonment for not more than [one] month or by a fine of
    not more than [fifty dollars]; provided, however, that an
    elementary or secondary student shall not be adjudged a
    delinquent child for an alleged violation of this section
    for such conduct within school buildings or on school
    grounds or in the course of school-related events."

─────────────────────

    [1] In these circumstances, we consider the amendment of the
statute to constitute an explicit repeal of the statute's
earlier provisions.  See Lazlo L. v. Commonwealth, 482 Mass.
325, 329 n.9 (2019).

G. L. c. 272, § 40, as appearing in St. 2018, c. 69, § 159. A judge in the Juvenile Court declined to apply the amended statute retroactively to the juvenile's conduct, and the juvenile was adjudicated delinquent in October 2018. We granted the juvenile's application for direct appellate review to consider whether St. 2018, c. 69, § 159, should be applied retroactively to cases pending on April 13, 2018.[2] We conclude that it should. We vacate the delinquency adjudication and remand the matter to the Juvenile Court for dismissal of the complaint.

Background. On February 16, 2018, while sitting with other boys at a school lunch table, the juvenile made "prank" telephone calls to a help hotline and a television news station. When he spoke to the news station, the juvenile said something to the effect of: "I didn't get my lunch, I feel like killing someone." The news station contacted the police and a brief investigation identified the source of the calls as the juvenile's telephone and a tablemate's telephone. By that time, the juvenile had been released from school for an unrelated reason. Because the juvenile was no longer inside the school, the school administration ordered the students, faculty, and staff to shelter in place, disrupting the school routine. The order remained in effect for about an hour, until both boys were located.

Discussion. The applicable principles of statutory construction were recently described in Lazlo L. v. Commonwealth, 482 Mass. 325, 328-330 (2019), and need not be repeated here. To summarize, in construing a "strictly penal" statute,[3] Commonwealth v. Dotson, 462 Mass. 96, 99 (2012), the

---

[2] We acknowledge the amicus brief submitted by the youth advocacy division and the youth advocacy foundation of the Committee for Public Counsel Services; American Civil Liberties Union of Massachusetts, Inc.; Massachusetts Appleseed; Charles Hamilton Houston Institute for Race and Justice at Harvard Law School; Citizens for Juvenile Justice; GLBTQ Legal Advocates & Defenders; Mental Health Legal Advisors Committee; Massachusetts Association of Criminal Defense Lawyers; and Anti-Defamation League.

[3] General Laws c. 272, § 40, is a penal statute. It is "designed to enforce the law by punishing offenders." Lazlo L., 482 Mass. at 330 ("Where a statute affects whether a child can

presumption is that "[t]he repeal of a statute shall not affect any . . . proceeding pending at the time of the repeal for an offence committed . . . under the statute repealed," unless that construction would be "[(1)] inconsistent with the manifest intent of the law-making body or [(2)] repugnant to the context of the same statute." G. L. c. 4, § 6. Our analysis begins, therefore, with the presumption that St. 2018, c. 69, § 159, is prospective in application.

Lazlo L. provides the framework for discussion. In that case, we considered whether either exception to the presumption of prospectivity applied to a different section of the same act. See St. 2018, c. 69, § 72. That section amended the definition of "delinquent child" to, among other things, provide that a child who commits a first offense of a misdemeanor "for which the punishment is a fine, imprisonment in a jail or house of correction for not more than [six] months or both" may not be adjudicated a "delinquent child." Id. With respect to the first exception, we concluded that there was "inadequate evidence of the Legislature's manifest intent to apply § 72 retroactively to overcome the presumption of prospective application." Lazlo L., 482 Mass. at 331-332. For the same reasons we explained in Lazlo L., we conclude that the first exception to the presumption of prospectivity does not apply to St. 2018, c. 69, § 159. Neither the Legislature clearly established that the amendment "would apply retroactively to pending cases . . . [n]or are there any other provisions in the act that would make prospective application of [§ 159] 'anomalous, if not absurd.'" Lazlo L., supra at 332, quoting Commonwealth v. Bradley, 466 Mass. 551, 554 (2013).

The second exception applies where "prospective application would be 'repugnant to the context' of the statutory amendment." Lazlo L., 482 Mass. at 332, quoting G. L. c. 4, § 6. We consider in this context whether "it would be contrary to the purpose of the statute to delay the accomplishment of that purpose." Lazlo L., supra, quoting Bradley, 466 Mass. at 555-556. We described the legislative history of the act in Lazlo L., supra at 333, observing that "the Legislature understood that children who enter the juvenile justice system have a higher risk of reoffending for the remainder of their lives, and . . . their risk of recidivism is greater the earlier they enter the system." In § 72, the Legislature narrowed the definition of "delinquent child" to "reduce the number of children who

be adjudicated delinquent . . . , an amendment to that statute necessarily implicates the potential for punishment").

enter the juvenile justice system." Lazlo L., supra. See Wallace W. v. Commonwealth, 482 Mass. 789, 795 (2019). In § 159, the Legislature furthered the same purpose by specifically removing certain school-based offenses from the sphere of infractions for which juveniles may be adjudicated delinquent. As we said in Lazlo L., supra at 334, "[w]e see no reason to delay the application of an amendment aimed at combatting the negative effects of Juvenile Court involvement on children and their communities."

Our conclusion that § 159 has retroactive application to cases pending on April 13, 2018, is further buttressed by the jurisdictional nature of the amendment. See Lazlo L., 482 Mass. at 335. As of April 13, 2018, "the Juvenile Court no longer has jurisdiction to adjudicate as a 'delinquent child,'" id., a juvenile who "interrupts or disturbs an assembly of people" within "school buildings or on school grounds or in the course of school-related events," G. L. c. 272, § 40, as appearing in St. 2018, c. 69, § 159. See G. L. c. 119, § 58. "Because jurisdiction is a threshold requirement for a court to decide any case, it would have been logical for the Legislature to expect that Juvenile Court proceedings against children" for violation of the school assembly statute "would cease and the cases would be dismissed on the day" that § 159 became effective and school-based adjudications of delinquency were removed from the statute. Lazlo L., supra, citing Commonwealth v. Mogelinski, 466 Mass. 627, 645 (2013) ("Juvenile Court is a court of limited jurisdiction, which has no authority in the absence of a specific statutory authorization" [quotation, citation, and alteration omitted]).

Conclusion. We need go no further.[4] Because prospective application of St. 2018, c. 69, § 159, would be repugnant to the purpose of the Legislature's amendment of the school assembly statute, the statute applies retroactively to cases that were pending as of April 13, 2018. We vacate the adjudication of delinquency, and we remand the matter to the Juvenile Court for dismissal.

---

[4] Because we conclude that St. 2018, c. 69, § 159, applies retroactively to cases pending on April 13, 2018, we do not address the Commonwealth's claim that the Juvenile Court had jurisdiction to adjudicate the juvenile a "delinquent child," for purposes of St. 2018, c. 69, § 72; or whether the evidence was sufficient to support the adjudication of delinquency under G. L. c. 272, § 40, as in effect prior to April 13, 2018.

So ordered.


Eva G. Jellison for the juvenile.

Laurie Yeshulas, Assistant District Attorney, for the Commonwealth.

Melissa Allen Celli, for youth advocacy division of the Committee for Public Counsel Services & others, amici curiae, submitted a brief.